5889. RHODES *et al.* v. ELBERTON & EASTERN RAILWAY CO.

WADE, J. 1. As no exception was taken to the ruling of the trial court which allowed the defendants, over objection, to amend their plea, by setting up that the note sued upon, given to cover a subscription for stock in a proposed railway corporation was an illegal and unenforceable contract because the plaintiff had failed to register its business as provided by section 978 of the Civil Code (Acts 1909, p. 60, § 5), this ruling became the law of the case. The final judgment of the court (sitting as both court and jury) simply holds, in effect, that this plea was not sustained, in that the evidence adduced in support thereof disclosed, that, at the time the contract was entered into, the railway company, which was the payee of the note, had not constructed the railway afterwards operated by it, and was not then following its vocation as a common carrier or even prepared to open up and carry on its business. Without a railway-track the corporation could not "engage" in the business authorized by its charter; and the undisputed evidence discloses that there was no railway in existence at the time the note was given.

(*a*) Under the ruling in *Toole* v. *Wiregrass Development Co.,* 142 *Ga.* 57 (82 S. E. 514), setting aside in principle the holdings of this court in *Fulwood* v. *Leitch,* 7 *Ga. App.* 359 (66 S. E. 987), *Horsley* v. *Woodley,* 12 *Ga. App.* 456 (78 S. E. 260), *Rountree* v. *Lewis,* 13 *Ga. App.* 47 (78 S. E. 780), *Ford* v. *Thomason,* 11 *Ga. App.* 359 (75 S. E. 269), etc., the amendment to the plea set up no good and valid defense to the contract sued on; but, in view of the failure to except to the allowance of the

amendment, that question is not passed upon here, and we hold simply that the trial judge was right in holding that the facts did not sustain the allegations of the amended plea.

(b) The decision of the Supreme Court in *Toole* v. *Wiregrass Development Co.*, supra (rendered July 14, 1914), apparently covers so fully the questions involved therein that we assume that the conclusion reached by that court, in direct conflict with previous rulings of this court upon the same question, was reached only after mature deliberation, and perhaps after consideration of the rulings of this court. This court, therefore, will not assume that the Supreme Court would review its decision, so recently rendered, and declines to submit to that court the request to review.

2. The precise objection urged to certain evidence admitted by the court, or the reason why the evidence was "irrelevant, immaterial, and inadmissible" and failed to illustrate the question involved in the defendant's plea, is not pointed out by the exception thereto. Aside from this, however, the evidence complained of, even if not admissible, could not apparently have adversely affected the rights of the defendant, under the plea or pleas interposed by him.

3. Grounds abandoned in the brief of counsel for the plaintiff in error will not be considered. The evidence authorized the judgment rendered, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JUNE 11, 1915.

Complaint; from city court of Elberton—Judge Wynne presiding. June 6, 1914.

*James T. Sisk,* for plaintiffs in error.

*Z. B. Rogers, G. C. Grogan, W. A. Slaton, J. M. Pitner, J. T. Irvin, W. M. Howard,* contra.

