4143.  WATSON *v.* NORTH AMERICAN ACCIDENT INSURANCE CO.

HILL, C. J.  1. When this case was previously before this court it was held, that under the undisputed evidence, the plaintiff was, as a matter of law, not entitled to recover; and for that reason the verdict was set aside and a new trial granted. *North American Accident Insurance Co.* v. *Watson,* 6 *Ga. App.* 193 (64 S. E. 693). On the second trial the evidence was substantially the same as on the first trial, and the trial court did not err in granting a nonsuit.

2. The decision of this court when the case was first here was a conclusion of law, based upon uncontroverted facts, and is in no sense at variance with the repeated rulings that this court is without jurisdiction to determine mere issues of fact. The decision as there announced will not be reviewed, a majority of the court being satisfied with its soundness. In addition to other citations in the opinion then delivered (6 *Ga. App.* 193), see *United Benevolent Society* v. *Freeman,* 111 *Ga.* 355 (36 S. E. 764). *Judgment affirmed. Russell, J., dissents.*

DECIDED JULY 23, 1912.

Appeal; from Fulton superior court—Judge Pendleton.  March 4, 1912.

*Frank L. Neufville,* for plaintiff.  *Shepard Bryan,* for defendant.

POTTLE, J., concurring specially.  Without committing myself to all the reasoning in the opinion of the Chief Judge when this case was before the court the first time, I agree that the case was rightly decided by the majority of the court on the facts.  Moreover, I question the right of this court to review and overrule a decision previously made in the same case.  I am inclined to think that as to this case the judgment rendered when the case was here before is res judicata.  See *Ingram* v. *Mercer University,* 102 *Ga.* 226, and citations; *Evans* v. *Nail,* 7 *Ga. App.* 133 (2).

RUSSELL, J.  I dissent for the reasons stated in my former dissenting opinion (6 *Ga. App.* 199).  And while I agree that, primarily, the ruling herein announced by the majority of the court would be res judicata as to this case, even if it should be later reviewed and overruled as to other cases, still I conceive it to be within the prerogative of a court of last resort, in any case, should the identical point be again presented which was previously adjudicated in the particular case (if the court should be convinced that the prior judgment was wrong), to correct that judgment, so as to relieve even that particular case from the operation of the rule.  If this court can modify, withdraw, or reverse its opinion in one case, why not in another?  The reason for the application

of the principle of res judicata to the particular case in which the ruling was made I apprehend to be due to the fact that the rights of the parties involved in the particular case are fixed thereby, and all subsequent rulings of the lower court, concerning the case, must be in conformity with the decision of the court of review. Naturally, it could not be held to be error upon the part of the trial court to try the case according to the precepts of the court of review.    The principle of res judicata is generally applied in a case which has been reviewed, from necessity, for the reasons above stated, and because it is not likely that the court of review will in that case have an opportunity of correcting the error, if there was an error in its prior decision. But if in any case, as in this, the opportunity is presented of reviewing the prior decision, it is certainly within the power of the court to declare the true law.    What I have said above does not affect the present case, because a majority of the court still adheres to its previous decision; but I can not concur in the opinion of Judge Pottle that a prior ruling in a pending case can not be changed by the court of review. The rule might be different if the case had been concluded, or if all opportunity to consider its controlling questions had passed, but this case is still before us, and no final judgment has ever been rendered.