### 5569.  KENNEDY *v.* BAGGARLEY.

1. Under the evidence submitted, the jury were authorized to find that the action of the defendant, in taking a deed to the land for which the plaintiff had bargained, and in causing the plaintiff to execute a lease contract and rental notes, upon the payment of which the land was to be conveyed to the plaintiff was simply a device to cover an agreement to pay usurious interest, and that the plaintiff was entitled to recover this usury in a suit filed for the purpose within twelve months after the payment.

2. The instruction of the court on the law of usury was not erroneous for the reason that it was not adapted to the issues raised by the pleadings. The issues relative to charging usurious interest by the defendant and to the right of the plaintiff to recover it as such, were raised by the testimony, and the case having been appealed from a justice's court, where niceties of pleading are not required as in a superior court, it was the duty of the court to give in charge to the jury the law covering the material issues in the case, no matter how they were raised.

DECIDED NOVEMBER 17, 1914.  REHEARING DENIED FEBRUARY 11, 1915.

Appeal; from Pike superior court—Judge R. T. Daniel. January 31, 1914.

*C. J. Lester,* for plaintiff in error.

*J. F. Redding,* contra.

RUSSELL, C. J.  Baggarley brought suit in a justice's court against Kennedy, alleging, in his petition attached to the summons, that the defendant was indebted to him in the sum of $83.46. In the petition certain notes which the plaintiff had previously given to the defendant were described, and certain payments made thereon by the plaintiff to the defendant were set out. The petition alleged the indebtedness to be "a mistake in calculation in the above notes and a mistake in calculation when he had final settlement." The

defendant filed a lengthy plea, in which he denied owing the plaintiff any sum whatever, and set up, that the transaction between them was as follows: During the year 1908 the plaintiff approached the defendant for a loan of money to pay for certain land which the plaintiff had bargained for. The defendant refused the loan, but finally agreed with the plaintiff to purchase the land on his own account and resell it to the plaintiff for an agreed price; and, in pursuance of the agreement, he bought the land and took a deed thereto from the person with whom the plaintiff had made the tentative agreement to purchase. The plaintiff then entered into a certain "lease" contract with the defendant (a copy of which is attached to the defendant's plea), in which the plaintiff agreed to pay the defendant a certain amount annually for four years as rental of the property, and to pay all the taxes assessed against it, and the defendant bound himself to convey the land to the plaintiff on the completion of those payments. In December, 1911, the plaintiff and the defendant had a full and final settlement. The plaintiff having negotiated a sale of the land, the defendant allowed him to take up his notes, "in order that he could perfect sale to the party to whom he had bargained the place."

By consent the case was appealed to the superior court, and the jury there found a verdict in favor of the plaintiff for the amount sued for and interest, amounting to $12.77. The defendant filed a motion for new trial, upon the usual general grounds, and upon the additional ground that the court erred in charging the jury upon the subject of usury. It is insisted that the charge was not adjusted to the issues in the case and was not authorized by the pleadings.

Upon the trial the plaintiff testified that the notes described in his petition were given by himself to the defendant for money borrowed; that there was a mistake in the calculation of interest, and he had been charged too much interest; he did not know the exact amount; that he had never bought any land from the defendant, but that he borrowed money from him to pay for land and gave him the notes; that before the notes became due he sold the land, and the defendant allowed him to take up the notes and allowed him a discount of eight per cent. on them; that the defendant took a deed to his land for the purpose of securing the payment of the

notes described. The plaintiff introduced in evidence the original notes, and the receipts and checks representing the payments made thereon. The defendant testified to substantially the same matter set up in his plea; that is, that he had never loaned the plaintiff any money, but that he bought land for which the plaintiff had previously bargained, and resold it to the plaintiff. He contends that under the evidence the verdict was erroneous. We think to the contrary. The jury had the right to believe that the notes represented a loan made by the defendant to the plaintiff. All the circumstances in the case seem to bear out this contention. The amount of money advanced by the defendant was considerably less than the value of the land, and was the amount represented by the notes which the defendant alleged were given in payment of rental on the land. The "lease" contract contained a clause binding the defendant to convey the land to the plaintiff on the payment of four years rental, and this four years rental was the exact amount which plaintiff claimed to have received from the defendant, plus the usurious interest which he stated in his testimony the defendant had charged him. The defendant was never in possession of the land, never paid any taxes thereon, and, so far as the testimony discloses, never exercised any rights of ownership over it. The plaintiff swears positively that the money was merely a loan, and that the defendant never once mentioned buying the land and reselling it to him. The jury could readily have found that the taking of the deed in the defendant's name was merely as security for the debt, as contended by the plaintiff, and that the taking of the agreement to lease was simply a device to allow the defendant to exact usurious interest on the loan. As was said in *Baggett* v. *Trulock*, 77 *Ga.* 373 (3 S. E. 162), "To stop interest by its own name, and continue it under the name of rent, is one of the most common devices to cover up usury." The jury, if they were satisfied that the notes were given for a debt, had but to calculate for themselves (with the testimony, the original notes, and the receipts and paid checks representing payments thereon, before them) to ascertain whether the plaintiff was really charged usurious interest, and, if so, what amount he was entitled to recover as such. It is not contended that any error was made in the calculation, except as to interest. The jury, as said above, had all the necessary data from which to mould their verdict, and it is not shown that this

was erroneously done. If the defendant charged the plaintiff usurious interest on money loaned, the plaintiff was entitled to recover it back with lawful interest from the time of payment, if the suit was brought in twelve months.

There is no merit in the exception to the charge of the court. "The distinctions as to forms of action observed in the superior court do not obtain in justice's courts. All the pleadings there required is a summons to which is attached, at the time of issuing it, the cause of action sued on." *Shuford* v. *Alexander*, 74 *Ga.* 293. See also *Georgia Southern &c. R. Co.* v. *Barfield*, 1 *Ga. App.* 203 (58 S. E. 236), and *Southern Ry. Co.* v. *Morrow*, 1 *Ga. App.* 736 (58 S. E. 244). In the *Barfield* case, supra, it was said: "The requirement as to summons and copy in a justice's court is an exception to the general rules of pleading. The form of the action is not changed by appeal to the superior court." Attached to the summons in this case was a petition alleging an indebtedness of a given amount, and setting out the transaction between the parties. It is true the petition alleges the basis of the cause of action to have been "a mistake in calculation," but the testimony adduced on the trial clearly raised the issue as to whether it grew out of the charging of usurious interest by the defendant. The case was proceeding just as if it were in the justice's court; and in view of this fact it was necessary for the judge to fit his charge to the issues as raised by the evidence as well as the pleadings. In fact, in practically all causes arising in justice's courts there are no pleadings from which the issues between the parties can be accurately ascertained, and the issues in such cases are raised by the evidence adduced on the trial. See *Southern Express Co.* v. *Briggs*, 1 *Ga. App.* 294 (2), 299 (57 S. E. 1066); *Williams* v. *George*, 104 *Ga.* 599 (3), 602 (30 S. E. 751). The plaintiff evidently intended to bring his action within the provisions of sections 3438 and 3441 of the Civil Code, which give him, under his version of the transaction, the express right to recover the usurious interest any time within one year after payment thereof. The mere fact that plaintiff did not denominate his action as one for the recovery of a forfeiture would make no material difference. The summons and petition served upon the defendant were sufficient, as is evident from the plea filed by the defendant, to put him on notice of what the plaintiff's claim consisted of. Under the plaintiff's testimony he

had a cause of action under the code section referred to above. Under section 3440 nothing could defeat this right except repayment of the usurious interest. He brought his suit within the time allowed him by law. The only material issue in the case, therefore, was whether the defendant had charged the plaintiff usurious interest; and this being true, it was not only permissible, but it was the duty of the court to give in charge to the jury the laws relative to the charging of usurious interest. It is not insisted that the court's charge was an incorrect statement of the law, but it is contended that it was inappropriate to the issues raised. We are of the opinion that it was both correct and appropriate, and that there was no error in overruling the motion for new trial.

*Judgment affirmed. Broyles, J., not presiding.*