15184.  SMITH *v.* BARR, for use, etc.

Where refusal to grant a nonsuit is followed by a verdict for the plaintiff
which in a motion for a new trial the defendant complains of as un-
supported by evidence, and exception is taken to the overruling of
the motion for a new trial, an exception to the refusal of a nonsuit
will not be considered.

Some of the grounds of the motion for a new trial are not in proper form
for consideration, no error of law appears, and the verdict is supported
by evidence.

DECIDED APRIL 16, 1924.

Lien foreclosure; from city court of Atlanta—Judge Reid. No-
vember 3, 1923.

Application for certiorari was denied by the Supreme Court.

*Anderson & Slate,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.

BLOODWORTH, J.  1.  The court did not err in its rulings on the
pleadings.

2.  Under repeated rulings of the Supreme Court and of this
court a refusal to grant a nonsuit will not be considered by the re-
viewing court where the case proceeded to verdict and judgment in
favor of the plaintiff, and the defendant's motion for a new trial
embraced the ground that the verdict was not authorized by the
evidence.

3.  The court did not err in the rejection of oral testimony as
complained of in several grounds of the motion for a new trial.

4.  Ground 8 of the amendment to the motion for a new trial,
complaining of the court's refusal to allow a witness to *answer* a
certain question, is without merit, as it does not appear that the
court was informed as to what answer was expected from the
witness.

5.  There is no merit in the 9th ground of the amendment to the
motion for a new trial.

6.  The 10th ground of the amendment to the motion for a new
trial, complaining of the exclusion of documentary evidence, cannot
be considered, as the evidence is not set forth in the ground nor
attached thereto as an exhibit.

7.  No error appears in the excerpt from the charge of the
court as complained of, when the excerpt is considered in the light
of the entire charge and the facts of the case.

8.  The evidence on the main issues in this case was in conflict.

The jury, the final arbiters of the facts, decided in favor of the plaintiff. In passing on the facts in a motion for a new trial, the judge of the trial court has some discretion, but where he has exercised that discretion this court is powerless to interfere. Our Supreme Court has said: "This court has always recognized that the greatest weight and consideration should be paid to the verdicts of juries, and in many cases has held that while the verdict was different from what the judges would have rendered as men, the court would not interfere. So, too, where the evidence was conflicting, it would not disturb the finding, although it might think that the preponderance was in favor of the losing party. In testing the sufficiency of evidence this court cannot consider the credibility of witnesses, that being a matter exclusively for the jury, who note their manner of testifying, and consider the thousand and one things transpiring during a trial, which cannot be photographed or transcribed and transmitted to this court as a part of the record." *Patton* v. *State,* 117 *Ga.* 234 (43 S. E. 534). The 4th headnote in the case of *Bunn* v. *Hargraves,* 3 *Ga. App.* 518 (60 S. E. 223), is as follows: "This court has no power to determine that the preponderance of the evidence is in favor of one party to a cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the verdict rendered." See also *Randall* v. *Bell,* 12 *Ga. App.* 614 (77 S. E. 1132); *Collins* v. *Brown,* 21 *Ga. App.* 420 (94 S. E. 645); *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 581).

9. Applying the foregoing to the facts as they appear in the present record, the judgment overruling the motion for a new trial must be          *Affirmed. Broyles, C. J., and Luke, J., concur.*