### 15523. TINSLEY v. THE STATE.

BLOODWORTH, J. 1. For no reason assigned did the court err in admitting the testimony of which complaint is made in the 1st and 2d special grounds of the motion for a new trial.

2. The 3d special ground of the motion for a new trial is that a certain question (set out) was asked and admitted by the court, the movant objecting to it on the ground that it was irrelevant. It does not appear that the question was answered or that the trial judge was apprised of what the answer would be. "An assignment of error based upon the refusal of the trial judge to permit an answer to a question presents no ground for review, unless the answer sought to be elicited is stated to him at the time of the ruling complained of." *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (3) (64 S. E. 703). And see *Anderson* v. *Savannah Press Publishing Co.*, 100 *Ga.* 454 (28 S. E. 216); *Smith* v. *State*, 119 *Ga.* 113 (46 S. E. 79).

3. There is sufficient evidence to support the verdict.

　　　　　*Judgment affirmed.　Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 10, 1924.

Arson; from Fulton superior court—Judge Humphries. February 19, 1924.

W. C. Tinsley was convicted under an indictment which charged him with having set fire to a dwelling house in which he and his wife resided and which he rented from the owner. In the first special ground of the motion for a new trial it is alleged that the court erred in admitting, over the objection that it was irrelevant, testimony set out therein, in which it was stated that at the time of the fire the furniture in the house "was diminished about one half at least" from what was there when the defendant moved into the house and up to sixty days before the fire. There was evidence that the defendant at the time of the fire had insurance on the furniture to the extent of $2,000. The second special ground of the motion was as follows: "2d. Movant objected to the following question asked of T. L. Jennings: 'Did you have any clauses in your policy which takes care of the situation where the title is retained to it?' Movant objected to this on the ground that it [was] irrelevant, which objection was overruled and testimony admitted, which ruling of the court was error, and new trial should be granted." From the evidence it appears that T. L. Jennings was agent of the insurance company which issued the policy on the furniture.

　*G. H. Cornwell, W. I. Heyward,* for plaintiff in error.

　*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.