### 16663.   FEDERAL LIFE INSURANCE CO. *v.* WALTON.

LUKE, J.   In an action in the municipal court of Atlanta upon an accident and health insurance policy James P. Walton procured a judgment against Federal Life Insurance Company. On certiorari the superior court rendered final judgment against the plaintiff in certiorari. A motion was made in this court to dismiss the writ of error because the bill of exceptions failed to assign error upon any final judgment. The policy contained the following stipulations: "Written notice of  . . . sickness on which claim may be based must be given to the company . . within ten days after the commencement of disability from such sickness." "Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." "Compliance on the part of the insured and beneficiary with all the terms, agreements and provisions of this policy is a condition precedent to recovery hereunder and any failure in this respect will forfeit to the company all rights to any indemnity." *Held:*

1. Even though the bill of exceptions, after stating that the judge passed an order "overruling the petition for certiorari and entered up judgment" on the certiorari bond, "as follows," quoted the order of the court granting a supersedeas, and the latter order was immediately followed by the exception, "to which order so overruling said petition for certiorari, and so entering up judgment against Federal Life Insurance Co. and its surety, the plaintiff in certiorari then and there excepted, and now excepts, and assigns said order and judgment as error," etc., yet since the bill of exceptions recited that there was a final judgment, and since such final judgment "overruling the petition for certiorari," etc., was specified in the bill of exceptions and sent to this court in the record, the motion to dismiss the writ of error, on the ground that the assignment of error related to the order granting a supersedeas and not to any final judgment, is denied.

2. Since it appears from the record that written notice of sickness on which claim was based was not given to the company until after the expiration of ten days from the commencement of disability from such sickness, and since it does not appear that "it was not reasonably possible to give such notice and that notice was given as soon as was reasonably possible," and since waiver of such notice was neither pleaded (*McLeod* v.

*Travelers Ins. Co.*, 8 *Ga. App.* 765, 70 S. E. 157; *Fidelity & Casualty Co.* v. *Gate City National Bank*, 97 *Ga.* 634, 25 S. E. 392, 33 L. R. A. 821, 54 Am. St. R. 440), nor proved, the court committed reversible error in entering up a final judgment against Federal Life Insurance Company. *United Benevolent Society* v. *Freeman*, 111 *Ga.* 355 (36 S. E. 764); *North American Accident Ins. Co.* v. *Watson*, 6 *Ga. App.* 193 (64 S. E. 693); *Watson* v. *North Am. Acc. Ins. Co.* 11 *Ga. App.* 354 (75 S. E. 362).

3. Since the ruling in the preceding paragraph is controlling, it is unnecessary to pass upon the other assignments of error.

> *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 16, 1925.

Certiorari; from Fulton superior court—Judge Thomas. May 25, 1925.

*Bryan & Middlebrooks,* for plaintiff in error.

*Winfield P. Jones,* contra.