16697. ·FLOOD *v.* EMPIRE INVESTMENT COMPANY.

1. The motion to amend the bill of exceptions from the record is granted.
2. With the bill of exceptions amended, the assignment of error on the judgment "overruling" the certiorari was sufficient.
3. Parol evidence is admissible to show that a purported assignment of salary is but a cover for a usurious loan, notwithstanding its recitals to the contrary.

DECIDED APRIL 20, 1926.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. June 17, 1925.

The Empire Investment Company filed suit in the municipal court of Macon against H. T. Flood for damages for the conversion of certain money, to which the plaintiff claimed title by reason of an alleged assignment of salary. The action was similar in character to that which was upheld by this court in *Atlanta Finance Co.* v. *Lunsford,* 32 *Ga. App.* 787 (124 S. E. 813). The purported assignment was as follows:

"Macon, Ga., May 1st, 1924.

"To C. of Ga. Ry. Co.: For value received I hereby sell and transfer to Empire Investment Company, doing business in the City of Macon, Ga., all of my right, title, and interest in and to $105 and 00 cents of my account for salary or wages already earned

---

Assignments, 5 C. J. p. 870, n. 60.
Certiorari, 11 C. J. p. 163, n. 72; p. 181, n. 97.
Evidence, 22 C. J. p. 1098, n. 96.
Usury, 39 Cyc. p. 1054, n. 69.

by me from the 15 day of April, 1924, to the 1 day of May, 1924, while in your employ, and you are hereby authorized and directed to pay the said Empire Investment Company the above-described moneys due me, the undersigned, and charge the same to my salary or wage account for the period above named, and accept this instrument as a receipt and voucher against me for the said sum, and when same shall have been paid by you in accordance herewith this writing shall be a complete release to you of any and all claims that I now have, or may hereafter have, against you for the particular moneys above named. This instrument when attached to check for $105.00 drawn by my said employer to my order shall be considered and accepted as my endorsement of said check to Empire Investment Company. This is an absolute and unconditional sale of said account, and is not a loan or advance of money; I am not a debtor to the purchaser; this is an original transaction and not a renewal or extension of any kind.

"Witness my hand and seal the day and year above written.

(Signed) H. T. Flood (L. S.)"

"Witness: W. J. Mathews."

The defendant filed his plea and answer, alleging, among other things, substantially the following: that the paper was not in fact an assignment, but was "a false and fraudulent writing, couched in its present text and language, for the sole and express purpose of evading the usury statutes of this State and in order to obtain usury of this defendant;" that the defendant obtained no money from the plaintiff at the time the instrument was executed, but that he had borrowed $40 and $60 (later combined as one loan of $100) from the plaintiff in 1922, and that notwithstanding he had made payments of the plaintiff's usurious charges for the use of this money to the amount of $160, the plaintiff still claimed that he was indebted for the original principal, and that the writing in question was given as a renewal of that loan; that at that time he had already drawn his salary for the period mentioned, with the exception of $1.35, and that the plaintiff knew that this was true; that he had overpaid the debt, owed the plaintiff nothing, and had committed no conversion nor otherwise damaged the plaintiff as alleged. After the introduction of evidence on both sides, the court directed a verdict for the plaintiff for the amount sued for, and rendered judgment thereon.

The defendant sued out certiorari, assigning error on the exclusion by the court of certain evidence and on the direction of the verdict and the rendition of the judgment. The judge of the superior court in due course passed an order saying that the certiorari was "overruled," and the defendant excepted. The original bill of exceptions contained the following recital and assignment of error: "After argument by counsel for the parties, the court entered an order dismissing the petition for certiorari. To this ruling by the court, dismissing his petition, the plaintiff H. T. Flood then and there excepted and now excepts and assigns the same as error, upon the ground that said ruling was contrary to law, and says that said judge should then and there have sustained said petition for certiorari." In the specification of the record to be brought up, the judgment of the superior court was described as one "overruling" the certiorari. Counsel for the plaintiff in error, conceiving that the bill of exceptions was incorrect in reciting that the certiorari was "dismissed," and deeming also that the exception should have been to the "ruling by the court, overruling the certiorari," instead of to the "ruling by the court dismissing" it, has moved to amend the bill throughout by substituting "overruling" for "dismissing" wherever this word appears. Counsel for defendant objects to the allowance of this amendment and says that this court should either affirm the judgment or dismiss the bill of exceptions, for confusion in the record or for insufficient assignment of error.

*E. F. Goodrum,* for plaintiff in error.

*Luther Bloodworth, O. C. Hancock, R. D. Feagin,* contra.

Bell, J. (After stating the foregoing facts.) 1. We hardly think that the proposed amendment to the bill of exceptions is necessary. See Civil Code (1910), §§ 6183, 5205; *Whitfield County* v. *Hogan,* 17 *Ga. App.* 685 (87 S. E. 1087) ; *Phelps* v. *Belle Isle,* 29 *Ga. App.* 571 (5) (116 S. E. 217) ; *Federal Life Ins. Co.* v. *Walton,* 34 *Ga. App.* 694 (1) (131 S. E. 90) ; *Gunn* v. *Wood,* 99 *Ga.* 70 (24 S. E. 407). But whether so or not, the judgment excepted to having expressly said that the certiorari was "overruled," the plaintiff in error, since he desires it, should be allowed to amend the bill of exceptions so as to make it conform with technical accuracy to the judgment. Practically the same thing was ruled in *Hunnicutt Co.* v. *Kane,* 21 *Ga. App.* 665 (1) (94 S. E. 821). See also *Parks*

v. *Johnson*, 79 *Ga.* 567 (2) (5 S. E. 243) ; *Ramey* v. *O'Byrne*, 121 *Ga.* 516 (1) (49 S. E. 595) ; Civil Code (1910), § 6184.

2.  With the bill of exceptions amended, there can be no doubt (if there ever was any) of the sufficiency of the assignment of error on the judgment on the certiorari. *Meeks* v. *Carter*, 5 *Ga. App.* 421 (63 S. E. 517) ; *Buchman* v. *Rogers*, 29 *Ga. App.* 62 (1) (113 S. E. 230) ; *Chandler* v. *Reeves*, 26 *Ga. App.* 167 (1) (105 S. E. 724) ; *Phoenix Ins. Co.* v. *Gray*, 107 *Ga.* 110 (1) (32 S. E. 948) ; *Barker* v. *Marietta Guano Co.*, 112 *Ga.* 305 (1) (37 S. E. 379) ; *Glenn* v. *Shearer*, 44 *Ga.* 16 (3).

3.  The complaints in the petition for certiorari that the court erred in not allowing the defendant to answer certain questions propounded by his own attorney are, for the most part, imperfect, because the court was not informed at the time what answer was expected. *Griffin* v. *Henderson*, 117 *Ga.* 382 (2-3) (43 S. E. 712) ; *Smith* v. *Barr*, 32 *Ga. App.* 53 (122 S. E. 626) ; *Tinsley* v. *State*, 32 *Ga. App.* 444 (2) (123 S. E. 622) ; *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (3) (64 S. E. 703). Error was perhaps sufficiently assigned on the exclusion of a certain document. But to pass over all exceptions to the exclusion of evidence, either oral or documentary, there was enough evidence admitted without objection to make an issue for the jury as to whether the defendant's plea was true, and the court erred in directing the verdict. We have not set out the evidence and will not discuss it, because the principal difference between counsel seems to be on whether, in view of the stipulations of the writing, parol evidence was admissible to establish the defendant's claim of a usurious loan, and because the case appears to have turned on this question both in the municipal court and in the superior court, each of them seemingly having agreed with counsel for the plaintiff that the answer to the question should be in the negative.

It is a well settled rule that, in the absence of fraud, accident, or mistake, parol evidence is ordinarily inadmissible to vary the terms of a written contract. This, however, is not true where the contract out of which the suit arises is tainted with usury, and that fact is sought to be shown. In *Brown* v. *Bonds*, 125 *Ga.* 833, 838 (54 S. E. 933) the Supreme Court said: "If this instrument, which was signed by both parties, correctly sets forth the agreement between them, then the two writings evidence a sale and

conveyance of the land, with an option to the vendor to repurchase it within a designated period. *Felton* v. *Grier,* 109 *Ga.* 320. No mention is made of a loan. However, if a loan was in point of fact made, and these writings merely furnish the cloak of a usurious transaction, then the truth may be shown by parol." And in *Virginia-Carolina Chemical Co.* v. *Provident &c. Life Assurance Society,* 126 *Ga.* 50 (6) (54 S. E. 929), it was held: "If a transaction is on its face usurious, it may be so declared as a matter of law. If on its face it is not usurious but is claimed to be a device to cover up the charging of usury, a question of fact as well as one of law is involved." In *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (6) (50 S. E. 402), it was ruled that "While a valid written contract can not be contradicted or varied by parol, it is competent by such evidence to show that the writing is but a cover for usury, penalty, or forfeiture," and in the opinion it was said: "Nor does this mean that the vendee will be permitted to evade the rule that one can not by parol contradict or vary a *valid* written instrument. Civil Code, § 5201 [Civil Code of 1910, § 5788]. Even parol testimony is admitted to enable one to show that a written instrument is not valid, but void. Civil ·Code, § 5203 [Civil Code of 1910, § 5790]. It is always permissible to show that a paper is but a cover for usury, penalty, forfeiture, or other illegal advantage to one of the parties. For if the law did not sedulously disregard form and seek for substance, nothing would be easier than its evasion by giving innocent names to prohibited acts." In the very recent case of *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221), the Supreme Court, speaking through Mr. Chief Justice Russell, said: "The ingenuity of man has not devised a contrivance by which usury can be legalized, if it appears that the purpose of the scheme was to exact a larger profit for the use of the money actually advanced than eight per cent. per annum. In determining· whether the contract is usurious the substance of the transaction will be critically inspected and analyzed, for the name by which the transaction is denominated is altogether immaterial if it appears that a loan of money was the foundation and basis of the agreement which is under consideration." See also *Fulwood* v. *Leitch,* 7 *Ga. App.* 359 (66 S. E. 987); *Kennedy* v. *Baggarley,* 15 *Ga. App.* 811 (1) (84 S. E. 211); *Haley* v. *Covington,* 19 *Ga. App.*

782 (2) (92 S. E. 297) ; *McDaniel* v. *Bank of Bethlehem,* 22 *Ga.
App.* 223, 233 (95 S. E. 724) ; *Kelley* v. *Ramey,* 25 *Ga. App.* 28
(102 S. E. 455) ; *Dwelle* v. *Blackwood,* 106 *Ga.* 486 (1) (32 S.
E. 593) ; *Rogers* v. *Blouenstein,* 124 *Ga.* 501 (52 S. E. 617) ; *Pope*
v. *Marshall,* 78 *Ga.* 635 (2) (4 S. E. 116) ; *Baggett* v. *Trulock,*
77 *Ga.* 369 (2) (3 S. E. 162) ; *Jackson* v. *Johnson,* 157 *Ga.* 189
(1) (121 S. E. 230) ; *Ferrell* v. *Greenway,* 157 *Ga.* 535 (2) (122
S. E. 198) ; *McLamb* v. *Phillips,* 34 *Ga. App.* 210 (129 S. E.
570).

The defense should not have been excluded on the ground that
the written agreement was not subject to the parol attack for the
purpose of showing that it was a mere scheme or device for the
exaction of usury rather than what it purported to be. This rul-
ing does not in any sense conflict with those decisions to the effect
that an assignment of salary by an employee, when made bona fide
for value, is a valid and enforceable agreement. See *Covington* v.
*Rosenbusch,* 148 *Ga.* 459 (1) (97 S. E. 78) ; *Central of Ga. Ry.
Co.* v. *King,* 137 *Ga.* 369 (73 S. E. 1093) ; *King* v. *State,* 136 *Ga.*
709 (71 S. E. 1093) ; *Jackson* v. *Johnson,* 157 *Ga.* 189 (2) (121
S. E. 230) ; *Atlanta Finance Co.* v. *Lunsford,* 32 *Ga. App.* 787
(124 S. E. 813). The defense in the present case was to im-
peach the bona fides of the transaction, and was meritorious, if the
jury believed it. We are not to be understood as holding that an
assignment of salary even to secure a usurious debt would not be
valid as to the principal. See Ga. L. 1916, p. 48; Park's Code
Supp. §§ 3438, 3438 (*a*) ; *Jackson* v. *Johnson,* supra. That ques-
tion is not involved. The contention here is that the entire debt
has been paid.

The superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*