## 17302.  FUQUA v. LIVINGSTON et al.

Where there is some slight evidence to support a verdict approved by the trial judge, his discretion in refusing to grant a new trial because of alleged insufficiency of evidence will not be interfered with by this court.

DECIDED JUNE 15, 1926.

Exceptions to auditor's report; from Pulaski superior court— Judge Highsmith presiding.  February 13, 1926.

*Lawson & Ware,* for plaintiff.  *H. E. Coates,* for defendants.

BLOODWORTH, J.  Exceptions of fact were filed to the report of an auditor.  The judge passed an order that the case should be submitted to a jury on the exceptions of fact.  On this trial the judge properly charged the jury that the report of the auditor "is to be taken as prima facie correct, and the burden is upon the party filing the exceptions to establish his right to have his exceptions sustained."  Civil Code (1910), § 5141.  The jury found against the exceptions of fact.  A motion for a new trial on the general grounds was filed by the plaintiff, it was overruled, and he excepted.  "The motion for a new trial contained only the usual

Appeal and Error, 4 C. J. p. 833, n. 57.

general grounds. There was some slight evidence authorizing the verdict; and, the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732). See *Smith* v. *Barr,* 32 *Ga. App.* 53 (8) (122 S. E. 626) ; *Johnson* v. *State,* 33 *Ga. App.* 148 (125 S. E. 734). *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*