FIRST DISTRICT COURT OF JERSEY CITY.

ROSENBUSCH ET AL., DOING BUSINESS AS HUDSON PUR-
CHASING COMPANY, PLAINTIFF, v. JOHN J. FREY.
DEFENDANT.

Decided January 24, 1927.

**Usury—Loaning Money in Small Sums—Wages—Plaintiff Claims
to Have Purchased a Portion of Defendant's Wages—De-
fendant Claims Usury, and That Plaintiff Not Only Forfeits
Interest but That Under the Acts Both of 1884 and 1914,
Relating to Loaning Money in Small Sums, Principal as Well
—Contract Held Usurious, Also Held Not Forfeited Under
Act of 1884, but Under 1914 Act, Complainants Coming
Under Its Provisions, the Principal is Forfeited.**

CARRICK, J.   The plaintiffs seek to recover from the de-
fendant $27.50, a portion of wages which were due to the
defendant as a brakeman for the Pennsylvania railroad on
August 20th, 1926, when the plaintiffs claim to have pur-
chased that portion of his wages then earned for the sum of
$25.   The defendant claims the transaction was a usurious
loan, and that the plaintiff not only forfeits interest under
the General Usury act of the state, but that under an act
of 1884 for the better securing of wages to workmen and
laborers (3 *Comp. Stat. p.* 3048, §§ 113, 114), and under the
act of 1914 to define, &c., loaning of money in sums of $300
or less (1 *Supp. Comp. Stat. p.* 42, &c.), the plaintiff loses
the principal as well.

The transaction took the form of a purchase of earned
wages.   The Pennsylvania railroad pays its employes twice a
month, and the defendant was entitled to his pay warrant
within ten days or two weeks after his dealing with the plain-
tiffs.   The transaction was in reality a loan of money.   The
only concern which the plaintiffs could have had in their
dealings with the defendant was to obtain from him in cash
$27.50, when that sum had been collected from the railroad
company, in lieu of the $25 which they advanced to him on

August 20th. Wages are not a commodity. At the date in question there was money due from a solvent debtor payable at a fixed date. The substitution of some form or device which is supposed to give the semblance of a purchase, in the endeavor to cover up a usurious loan, is familiar to all. The law, however, regards the essential nature of the transaction, not the incidents created to give it a fictitious color. The plaintiffs had, and could have, no interest in the purchase of the defendant's wages, except to obtain for the money which they gave him on August 20th a greater sum than they would be entitled to for the use of the money at the legal rate of interest. After examining the careful briefs submitted in the plaintiffs' behalf, I am confirmed in the opinion expressed at the hearing that the transaction is indubitably a usurious loan. The only question remaining is whether, under the special statutes invoked by the defendant, the plaintiffs forfeit principal as well as interest.

The act of 1884, above referred to, upon any reasonable construction of its language, applies not only to the purchase of wages due at the time of the purchase, but to wages for labor which might thereafter be performed by the laborer or employe. Such is the natural import of the language, and it is consistent with what was presumably the legislative intent. But while the statute forbids usurious interest and makes the exaction of interest at a greater than legal rate a misdemeanor, it does not in express terms avoid the contract. My conclusion, therefore, is that while one violating the provisions of this act by a purchase of wages on such terms as would amount to a usurious loan, renders himself liable to prosecution for misdemeanor, the validity of the contract is not affected, other than by the general laws of the state respecting usury, which forfeit only the interest, leaving the principal still due.

The statute of 1914, however, above referred to, regulating the business of making loans in sums of $300 or less, apparently covers the situation as displayed by the testimony in this case. The plaintiffs come within the class to which the statute applies. They are not casual or occasional leaders,

but are engaged in the business of loaning money in sums of $300 or less, and under the statute are brought within the control of the commissioner of banking and insurance, and required to take out a license. That they are in such business is shown by plenary evidence. The law forbids any person from engaging in such loaning business without a license, and makes a person violating the inhibition of the statute subject to the provisions of the act. The purpose of the act evidently is to subject the business of loaning in small sums to the supervision and examination of the banking department of the state. A special rate of interest is allowed, greater than the ordinary legal rate, not to exceed three per centum per month. The sixth section of the act not only makes the violation of any provisions a misdemeanor, but renders the loan absolutely null and void, and permits the borrower to recover from the lender any and all sums paid or returned on account of, or in connection with, such loan. While the language of the statute is that the borrower shall be entitled to recover sums paid or returned on account of the loan, it is necessarily equally effective to prevent the lender from recovering the money loaned on this transaction, which is expressly declared to be null and void.

There will be a judgment for the defendant.