## 13135

### MARTIN v. PACIFIC MILLS ET AL.

(158 S. E., 831)

May, 1930.

459

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellant,

*Mr. E. A. Blackwell,* for respondent,

May 13, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

These four cases were tried together by agreement before a magistrate of Richland County. The complaints are identical, except that a different defendant is joined with the Pacific Mills in each case, and except as to the amount claimed in each case. It will be necessary therefore only to consider the appeal in one case, that of the plaintiff against Pacific Mills and J. W. Cleary; the conclusion as to it will control the disposition of the other three cases.

The action is based upon a written instrument executed and delivered by J. W. Cleary, an employee of the Mills, dated June 29, 1929, denominated a "Bill of Sale," and is set out in full as follows:

"BILL OF SALE

"For and in consideration of the sum of $15.00 cash in hand paid me, the receipt of which is hereby acknowledged —I have this day sold and assigned to Ross & Co., its successors and assigns, doing business in the City of Columbia, all my right, title and interest in and to the sum of $16.50 of an undivided interest in my account for salary or wages earned or to be earned by me at any time while in the employ of Pacific Mills or any other firm, corporation or person that I may be employed by before the expiration of one year from date.

"Said undivided interest being the amount due and owing to me on the date that said employer or any future employer is notified of this assignment, and to become due me on all future dates thereafter during the above mentioned period until the date upon which my earnings will equal the amount herein sold.

"The above named employer or any future employer is hereby authorized and directed to pay the above salary account to the said Ross & Co. or order upon the date upon which same falls due for services rendered by me, and accept this instrument as a voucher against me for the same,

and, when same shall have been paid in accordance herewith, this writing shall be a complete release to the said employer above named or any future employer."

The action is brought by the plaintiff doing business under the name and style of Ross & Co., referred to in this instrument.

Contemporaneously with the execution of this "Bill of Sale" was a paper denominated "Application to sell salary or wage account," as follows (a most extraordinary document for one who proposed to sell something to execute) :

## "Application to Sell Salary or Wage Account

"I, the undersigned, hereby make application to Ross & Co. to sell an undivided interest in my account for salary or wages earned or to be earned by me at any time while in the employ of Pacific Mills or any other firm, corporation or person that I may be employed by.

"The amount of time I desire to sell is $16.50 and I agree to take for same the sum of $15.00.

"I warrant that I am more than twenty-one years of age and am now regularly employed by the above named employer, and under contract entitled to regular employment, and have not sold my time to any one else and there are no offsets or liens upon the wage account above stated.

"It is distinctly understood by both parties hereto, that I am not to be a debtor to Ross & Co. and the attached bill of sale and order is hereby given that the buyer may collect what he has bought."

The case was tried before the magistrate, who rendered judgment in favor of the plaintiff for the full amount claimed. Upon appeal to the County Court, the judgment was affirmed, and the defendants have appealed to this Court.

Upon the question of usury, which affects only the defendant Cleary, the employee, the only inference that can reasonably be drawn from an inspection of the instruments above set forth is that the scheme of the

plaintiff was cunningly devised, but thinly veiled, to make what was plainly a loan a bill of sale—an attempted evasion of the usury law. This presents a question of law reviewable by this Court.

Upon the issue of usury, see *Rainwater v. Bonnette*, 151 S. C., 474, 149 S. E., 254; *Scott v. Lloyd*, 9 Pet., 418, 9 L. Ed., 178; *Tennessee Co. v. Thompson* (C. C. A.), 278 F., 597; *McWhite v. State*, 143 Tenn., 222, 226 S. W., 542; *Cotton v. Cooper* (Tex. Civ. App.), 160 S. W., 597; *Flood v. Empire Co.*, 35 Ga. App., 266, 133 S. E., 60; *Kansas, ect., R. Co. v. Robertson*, 109 Ala., 296, 19 So., 432; *Rosenbusch v. Frey*, 136 A., 711, 5 N. J. Misc. R., 312.

The defendant Cleary was therefore entitled to relief upon the claim made by him under Sections 3638, 3639, Volume 2, Code of 1922.

The judgment of this Court is that the judgment in each of the cases above stated be reversed, and the case remanded to the County Court, with direction to remand it to the magistrate for new trials.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.