28482. ATLANTIC COAST LINE RAILROAD COMPANY *v.* SPERRY FLOUR COMPANY.

DECIDED NOVEMBER 16, 1940.

*Alston, Foster, Moise & Sibley,* for plaintiff in error.
*Smith, Smith & Bloodworth,* contra.

GARDNER, J. The undisputed evidence shows that a shipment of flour, 700 bags in two cars of 350 bags each, originating in Tacoma, Washington, arrived in Atlanta, Georgia, sealed in cars of the plaintiff in error (called defendant) in a damaged condition. The shipment traveled from Tacoma to Charleston, South Carolina, by boat, where it was unloaded and reloaded on cars of the defendant. The cars moved from Charleston to Waycross, Georgia, over the defendant's tracks, and thence in the same cars to Atlanta over the A., B. & C. Railway Company. The jury found the shipment to have been damaged in the amount of the verdict, $1145. There is no denial that the flour was damaged by the absorption of some foreign chemical, but how, where, and at what point the damage occurred is disputed both by contentions and in some particulars by the evidence. The testimony for the plaintiff was to the effect that the flour was ordered as a part of a larger shipment, and that when it arrived it was as ordered except that it was tainted by odor and fumes in the two cars in which it moved, for which reason it was rejected, though later purchased in its damaged condition at $2075. The testimony for the defendant was to the effect that when the flour was loaded in the cars at Charleston the cars were

inspected for nails, trash, and odor, and that the cars were perfectly clean and sweet. Construing this evidence most strongly in favor of the jury's verdict, we find that the damage occurred after the shipment had been loaded into the defendant's cars in Charleston, and from there in transit to Atlanta, by reason of some foreign chemical substance within the cars. There is sufficient evidence to support the verdict, and we hold against the assignments of error in grounds 1, 2, and 3.

We turn next to consider the assignments of error in grounds 4 to 13, inclusive. It is well to state that this case was brought to this court by a direct bill of exceptions assigning error on a judgment of the lower court sustaining a demurrer to the petition as amended. This court reversed that judgment and held the petition good. *Sperry Flour Co.* v. *Atlantic Coast Line R. Co.*, 54 *Ga. App.* 725 (189 S. E. 278). An application to the Supreme Court for certiorari was denied. The law of the case was thereby fixed, and we might here reiterate that the evidence sustained the allegations of the petition as amended. We will not here repeat these allegations. Counsel for the plaintiff in error argue "that some of the language of this court's opinion is obiter dicta, and not necessary to the decision that a cause of action was set forth in the petition," and move to reconsider the case and confine the language of the decision to the points necessary to the judgment. We think what was there said is pertinent to the judgment written. If it be true that under the allegations this is not a suit for breach of the contract of carriage under an interstate shipment, it is nevertheless true that it is a suit for a tort, planted on and growing out of such a contract.

Assignments of error in grounds 4, 5, 6, 7, and 8 are on the charge of the court to the jury, as follows: (4) "I charge you that the Sperry Flour Company was under the protection of the interstate-commerce law, which controlled every phase of the transportation of the flour from Tacoma, State of Washington, to Atlanta, Georgia; and such law made every service rendered in the transit of said flour, including the furnishing of suitable cars for the shipment, an interstate-commerce service. That the law did not require the Sperry Flour Company to know anything about the Port Utilities Commission to which the Atlantic Coast Line furnished the cars. The furnishing of the cars was a matter of inter-

state-commerce routine, with which the Sperry Flour Company had no concern. I charge you that the defendant admits that the flour was shipped from Tacoma, State of Washington, to Atlanta, Georgia. I charge you that this was an interstate-commerce shipment."
(5) "I charge you that if the defendant furnished two of its cars to the Public Utilities Commission, that if the two cars were needed for the transportation of the flour from Charleston to Waycross, and thence over the Atlanta, Birmingham and Coast Railroad to Atlanta, that if the flour when loaded in defendant's cars was in good condition, that if the Atlanta Flour and Grain Company opened the cars and then discovered that the cars were filled with fumes from some kind or kinds of chemicals, and fumes had tainted the flour to such extent as to materially damage same, and that if the cars when furnished contained noxious chemicals of some sort which produced said fumes during the days and nights consumed in the transportation and delivery of said cars to and at Atlanta, that on account of said flour being tainted, if so tainted, the Atlanta Flour and Grain Company refused to accept and pay for the said flour, then the Sperry Flour Company would be entitled to recover compensatory damages equal to the injury sustained by said flour on account of such damages claimed solely by reason of the tainting of said flour, provided you find that it was so tainted."
(6) "I charge you further, that the term 'transportation' in this case includes cars, irrespective of ownership, and irrespective of any contract for the use thereof, and all services in connection with the receipt, delivery, and transfer in transit, and handling of the property transported." (7) "I charge you that it is immaterial whether or not all of the alleged damages may have matured on defendant's railroad. The defendant is liable as a connecting carrier for whatever damage that may have been sustained in this interstate shipment, if the damage was the result of the defendant's negligence, though the shipment, locked and sealed, also passed over the Atlanta, Birmingham and Coast Railroad on its way to destination at Atlanta." (8) "If you should believe, gentlemen, that the entire damage to the shipment resulted solely from defendant's own negligence in furnishing defective cars filled with noxious chemicals and fumes, as alleged in the petition, for the transportation of the flour for the entire journey from Charleston to Atlanta, a considerable part of the journey being over its own

railroad, and the flour being damaged solely by the noxious chemicals and fumes, if you should so find, then the defendant would be liable in damage in this case." These charges were adjusted to the evidence in the case, were in accordance with the law of the case as announced in *Sperry Flour Co.* v. *Atlantic Coast Line R. Co.,* supra, and were not erroneous for any of the reasons assigned.

Error is assigned in ground 9 on the court's refusal of a request to charge as follows: "I further charge you that the uncontroverted evidence shows that the initial rail carrier who issued the bill of lading is the Port Utilities Commission, a common carrier operating a railroad connecting the docks and wharves of Charleston, South Carolina, with the lines of railroad entering Charleston, South Carolina; that under the law the duty of furnishing cars for the transportation of this shipment was on the Port Utilities Commission as such initial carrier; and if you find as a fact that this defendant furnished a string of cars, that is, more than two cars, any two of which were suitable for shipment of this nature, and that from this string of cars the two selected were improper cars, the liability, if any, would be on the initial rail carrier." The request, aside from being argumentative, was inapplicable.

Ground 10 complains of the charge as a whole. The charge was adjusted to the facts and substantially covered the principles of law announced by this court when the case was here before.

Ground 11 assigns error on the admission of what purported to be the Code of South Carolina, fixing the status of the Public Utilities Commission, and showing that it was not a common carrier under the laws of that State. This evidence was offered in rebuttal of parol testimony of the plaintiff, to the effect that this concern was a common carrier. If this question was material—and we do not think it was, under the facts of this case, we must hold that the evidence was not inadmissible for any reason assigned.

Grounds 12 and 13 assign error upon the court's refusal to grant a nonsuit and to direct a verdict, respectively. As to ground 12, an assignment of error on the refusal of a motion to grant a nonsuit has no place for consideration by this court, where, after the overruling of such motion, the case proceeds to trial, and a verdict is returned in favor of the plaintiff, and a motion for new trial is filed by the defendant. *Kalas* v. *Fay,* 31 *Ga. App.* 109 (2) (120 S. E. 28); *Georgia Granite Cor.* v. *Union Granite Co.,* 31

615

*Ga. App.* 261 (4) (120 S. E. 547); *Avant* v. *Hartridge,* 45 *Ga. App.* 644 (2) (165 S. E. 924); *Smith* v. *Barr,* 32 *Ga. App.* 53 (122 S. E. 626). As to ground 13, it is not error to refuse to direct a verdict. *Scarborough* v. *Edgar,* 176 *Ga.* 574 (6) (168 S. E. 592); *Council* v. *Nunn,* 41 *Ga. App.* 407 (2) (153 S. E. 254).

Outside of the position of plaintiff in error that the evidence failed to establish the fact that the flour was damaged after being loaded into its cars, it has another contention. The thread of this argument or contention runs throughout the record, as well as the brief and argument of the plaintiff in error. It is to this effect: that the plaintiff in error owed the defendant in error no duty to furnish cars, and that this duty was owed to Sperry by the initial carrier. Therefore the plaintiff in error, owing no duty, could be held responsible for no negligence. This is wherein this court differs with the position of able counsel for the plaintiff in error, both in the instant case and when it was here before. If the plaintiff in error owed no such duty, but assumed this duty from the shoulders of another, at the request of another, or with another, it then stepped into all the responsibilities of performing that duty without damage to another's property. If it assumed the duty of furnishing cars when it was not under any obligation to do so, it was bound, under the law, to furnish suitable cars for the purposes intended. Its own evidence shows that it did furnish these cars, alone or in conjunction with another, and the evidence is sufficient to show that the cars were unfitted for the purpose of shipping flour, and that the defendant in error was thereby damaged.

This being the first time this case has appeared on the facts, it is of such a nature that we do not think the law contemplates that damages should be awarded for delay.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*