## EINSTEIN, ECKMAN & COMPANY vs. BUTLER.

1. Where the evidence was conflicting, this court will not interfere with the discretion of the court below in refusing a new trial on the ground that it is contrary to evidence.
2. Where in an action of ejectment based on title conveyed by a deed given to secure a debt by notes, the defendant sought to establish usury in the notes by parol, the admission of evidence showing the consideration of the notes and deed was proper, and did not violate the rule that a written contract could not be varied or contradicted by parol.

New trial. Evidence. Before Judge HOOD. Early Superior Court. April Term, 1880.

Reported in the opinion.

WARREN & HOBBS; R. H. POWELL; JNO. T. CLARKE & SON, for plaintiffs in error.

E. C. BOWER, for defendant.

HAWKINS, Justice.

It appears in this case that Einstein, Eckman & Co. brought ejectment in Early superior court against N. O. Butler for the lands in controversy, and relied upon a deed to the premises from said Butler to them, dated on the second day of January, 1873.

To this action the defendant pleaded, among other things, that on the day the deed was executed and delivered, he made his two promissory notes for two thousand and eight dollars and sixteen cents each, and delivered the same to the plaintiffs. Said notes were for the purchase of goods and to pay past indebtedness to said plaintiffs, with twenty-five per cent. interest added in the face of said notes, one due at sixty and the other at ninety days, and that the deed was made to secure the said notes, and was part of a usurious contract. Butler objected to the interest, but plaintiffs said they would not press him.

It seemed that before that time Butler & Brown were in partnership, and had bought largely of plaintiffs and were, on said second day of January, 1873, indebted to them. The transactions continued for several years, and covered a multitude of matters.

The plaintiffs testified on the trial that there was no usury in the deed, and if there was it was by error in calculation. Plaintiffs objected to the evidence of Butler as to the amount of the two notes, and the rate and amount of interest put in the face of the notes as being contradictory of the notes.

A good deal of evidence, including the deed, was introduced, and after the charge of the court the jury rendered a verdict for the defendant, when a motion was made for a new trial on various grounds. The motion for new

trial was refused by the court, but plaintiffs in the bill of exceptions only assign error on two of the grounds in the motion, and our judgment will be confined to those.

1. In not granting a new trial because the verdict was contrary to, and unsupported by, the evidence, and contrary to law.

As to this complaint, we see no error in the refusal of the court to grant the new trial. The evidence was conflicting, the plaintiffs showing that the deed was not a part of a usurious contract; the defendant swearing that it was, and contained twenty-five per cent. interest, which, on the second day of January, 1873, was, by the laws of this state, illegal, and made void said deed as title. The jury were the judges of the testimony, and adopted the theory of the defendant, and the court was satisfied with the verdict, and we will not reverse the decision of the court in refusing the new trial. This court has announced repeatedly the law that when a verdict of the jury is supported by a sufficiency of evidence, though not by the strength of the whole evidence, and the court below is satisfied with it, this court will not disturb the result.

2. The second ground was because of error in admitting the testimony of Butler as to the consideration of the notes, and the inserting in the face thereof twenty-five per cent. of interest.

There was no error in allowing evidence showing the consideration of the notes and deed to establish the usury, and such evidence does not infract the rule that parol evidence is inadmissible to contradict or vary the terms of a written contract.

Let the judgment be affirmed.