## ROGERS *v.* BLOUENSTEIN.

1. If one buys property of another and agrees to resell it to such other at an advanced price payable in the future, such a transaction actually made is not illegal, but will be enforced.
2. Whether the transaction was a sale with the right of re-purchase, or whether it was a ruse devised to evade the usury laws and to take a security for the loan of money at a usurious rate, was a question of fact for the jury.
3. The charge of the court, if not entirely accurate, was not such as to require a new trial.

Argued November 27,—Decided December 21, 1905.

Trover. Before Judge Felton. Bibb superior court. May 29, 1905.

Laura B. Rogers brought an action against S. Blouenstein to recover a diamond ring and setting and a diamond pendant and setting. The evidence showed that on June 18, 1902, the plaintiff executed an instrument in writing by which she conveyed the diamonds to Carroll D. Judson for the sum of $400. He executed to her on the same day a paper whereby he agreed to sell the diamonds to her on or before October 15, for the sum of $408. The agreement contained the following: "It is expressly agreed and understood that this instrument constitutes an option for the purchase of said property therein described, at the price named, and within the time specified; time being hereby made expressly of the essence of the contract; and upon the neglect or failure of the said Mrs. Laura B. Rogers to exercise the said option by paying the sum aforesaid within the time specified, the said option shall be null and void, and the said personalty shall remain the sole and exclusive property of the said Carroll D. Judson, free and clear of any and all claims or demands of the said Mrs. Laura B. Rogers." The option was extended to November 15. On November 14, she wrote Judson, saying: "You are hereby authorized and requested to sell and convey by bill of sale the diamond ring and pendant described in the within agreement to S. Blouenstein, and your doing so shall fully satisfy this contract." Judson then executed a written transfer of the property to Blouenstein, and he gave to her a writing stating that he agreed to sell and deliver the diamonds to her at any time on or before February 14, 1903, upon the payment in cash of $425.64. This paper contained a clause similar to that above quoted from the agreement of Judson. Sometime after the date specified in this agreement had passed, a tender was made to Blouenstein, which he refused, and the present action was brought. The plaintiff contended, that the transaction with the defendant was merely a loan of money at usurious interest; that the diamonds were first pledged to Judson; that the defendant advanced the money to take them up, charging interest at the rate of twelve per cent. per annum and adding it to the amount of money advanced by him. The defendant contended that the transaction was not that of loaning money at usurious rates, but was as it purported to be. The jury found for

the defendant. The plaintiff moved for a new trial. The motion was overruled, and she excepted.

*Minter Wimberly, Jesse C. Harris,* and *Akerman & Akerman,* for plaintiff. *John P. Ross* and *Walter J. Grace,* for defendant.

LUMPKIN, J. (After stating the facts.) 1. It is legally possible for one person to buy property from another and agree to resell it to the vendor at a higher price payable in future. If such be the actual transaction, the law will enforce it. The difficulty frequently arising is to determine whether in a given instance the parties intended a sale or a mortgage. *Felton* v. *Grier,* 109 *Ga.* 320; *Spence* v. *Steadman,* 49 *Ga.* 133; *Monroe* v. *Foster,* Id. 514. If Blouenstein in fact bought the diamonds from Judson with the assent of Mrs. Rogers, and agreed to sell them to her at an advanced price payable in the future, there would be nothing unlawful about it. If in fact the transaction was one by which Blouenstein loaned Mrs. Rogers a sum of money at a usurious rate of interest, it was illegal, and the title so obtained was tainted with usury. The transaction, being on its face apparently lawful, might nevertheless be shown to be a device for concealing usury. But the burden of proving this rested on the party asserting it. *Morrison* v. *Markham,* 78 *Ga.* 161; *Einstein* v. *Butler,* 65 *Ga.* 561; *Wilkins* v. *Gibson,* 113 *Ga.* 31(5); Civil Code, §2892. There was a considerable amount of evidence tending to show that in fact the title of the defendant was tainted with usury; but it was not free from conflict. In addition to what appeared on the face of the papers, when asked in regard to a loan to the plaintiff, the defendant testified: "There was no loan with her. . . As to how much money I let Mrs. Rogers have, I never had a contract with Mrs. Rogers. The bill of sale shows what I paid Judson. I don't remember exactly—$413, or something, . . and I gave an option to purchase back on the 14th of February, 1903." If the jury based their verdict on the belief that this was in fact a sale with an agreement to resell, we can not say that they were without evidence authorizing them to do so.

2. The plaintiff in error alleges that the court erred in charging that if the diamonds were conveyed to the defendant as a security for a debt which was tainted with usury, and not in fact as a sale with the right to repurchase, and if she tendered the defendant the

amount of money due upon her contract with him, and it was refused, she would be entitled to recover the difference between the amount of her debt at the time of the tender and the highest proved value of the property since the date of such payment. It is contended that if the diamonds were pledged as a security for a loan, the pledgor would be entitled to redeem the property pledged regardless of the question of usury. If this be conceded, there was nevertheless no harmful error in the charge. If what transpired between the parties amounted to a pledging of the diamonds to secure a debt, the amount fixed for their return or reconveyance was, without any controversy, greater than the amount advanced with legal interest. The plaintiff contended that there was usury, and in making the tender her attorney calculated the rate which he alleged had been previously charged. We think the charge of the court, if erroneous, could not have injured the plaintiff.

*Judgment affirmed. All the Justices concur.*