### 1911.  FULWOOD *v.* LEITCH.

Whether the transaction was a sale, or a loan of money at a usurious rate of interest, was a question of fact; and the trial judge, acting by consent as trior of the facts, was authorized to infer that the transaction constituted a bona fide sale.

Complaint; from city court of Dublin—Judge Hawkins.    March 8, 1909.

Submitted June 28, 1909.—Decided February 10, 1910.

*S. W. Sturgis, George B. Davis,* for plaintiff in error.

*W. M. Clements,* contra.

RUSSELL, J.  On November 15, 1905, Burch made to Leitch a warranty deed to a parcel of land, for a consideration of $1,239.60. On the same day Leitch executed to Fulwood a bond for title to the same land, and Fulwood executed to Leitch two promissory notes, aggregating $1,463.74, due respectively one and two years after date, with interest at the rate of eight per cent. per annum, reciting that they were given for the purchase-price of the land.   By subtracting $1,239.60 from $1,463.74, a sum will be obtained which is exactly equivalent in amount to interest at 12 per cent. on $1,239-.60, during the period between the date of the notes and their maturity.   About a year previous to this transaction Burch lent to Fulwood's wife $1,000, and took from her a deed to the same land, giving her a bond for title, and a short while before November 15, 1905, this bond had been surrendered to Burch.   When Leitch sued Fulwood on the above-mentioned notes, praying a lien on the land in question, Fulwood set up the above-stated facts, and contended that the transaction was in reality a loan of money from Leitch to him at a usurious rate of interest.   It was agreed that the trial judge should decide the question on the facts as they have been set out above; and he gave judgment in favor of Leitch for the full face value of the notes, with interest and attorney's fees (it being admitted that legal notice as to the attorney's fees had been given). Fulwood complains only that this result is contrary to law.

It was held in the case of *Felton* v. *Grier,* 109 *Ga.* 320 (35 S. E. 175), that an owner could sell and convey his realty to another at an agreed cash price, and at the same time secure the right to repurchase, and become bound to do so, at a higher price payable in the future, even though the difference between the sale for cash and the agreement to buy on credit was greater than the legal rate of interest from the date of sale to the date of the maturity of the agreement to repurchase. In *Rogers* v. *Blouenstein,* 124 *Ga.* 501 (52 S. E. 617, 3 L. R. A. (N. S.) 213), it is held that whether such a transaction was a sale with the right to repurchase, or whether it was a ruse devised to evade the usury laws and to take security for the loan of money at a usurious rate, is a question of fact, to be determined in the light of the circumstances of each particular case. When a person pleads usury the burden is on him to sustain the plea. The trial judge was authorized to find that Leitch had purchased the property from Burch at a cash price of $1,239.60, and on the same day sold it to Fulwood on credit for $1,463.74. The mere circumstance that Leitch's profit in the transaction was equivalent to interest at 12 per cent. on the capital invested, and that Burch had formerly held a deed to the land to secure a loan to Fulwood's wife, would not demand a finding that the transaction between Leitch and Fulwood was a loan of money and not a sale. *Judgment affirmed.*