### 11129.  KELLEY *v.* RAMEY.

BROYLES, C. J.  1. "It being legally possible for the owner of realty to sell and convey it to another at an agreed cash price, and at the same time secure the right to repurchase, and become bound so to do, at a higher price payable in the future, the law will enforce such a transaction when actually made." *Felton* v. *Grier,* 109 *Ga.* 320 (35 S. E. 175).

2. "Though the transaction now under review in many respects very closely resembled a mere loan of money at a usurious rate of interest, secured by a deed to land, yet as there was direct and positive evidence warranting the special findings of fact to the effect that it was a bona fide case of bargain and sale with a contemporaneous agreement by the vendee to resell to the vendor, and a binding contract by the latter to repurchase, the verdict must be allowed to stand." *Felton* v. *Grier,* supra.

3. Whether a deed was taken as security for a debt, or, together with a contemporaneous writing, evidenced a sale with option to repurchase, was a question for the jury. *Brown* v. *Bonds,* 125 *Ga.* 833, 837 (54 S. E. 933).

4. Whether a given transaction was a bona fide sale of property with the right to repurchase, or whether it was a ruse designed to avoid the usury laws and to take security for the loan of money at a usurious rate of interest, is a question of fact to be determined by the jury. *Rogers* v. *Blouenstein,* 124 *Ga.* 501 (52 S. E. 617, 3 L. R. A. (N. S.) 213).

5. The burden of affirmatively showing usury in a transaction is upon the party pleading it; and the mere circumstance that the profit of the other party to the transaction was equivalent to more than the lawful rate of interest per annum on the capital invested would not necessarily show that the transaction was a loan of money and not a sale. *Fulwood* v. *Leitch,* 7 *Ga. App.* 360 (66 S. E. 987).

6. When the principles of law stated above are applied to the facts of this case, a verdict for the defendant was authorized, and, the findings of the jury having been approved by the judge, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Complaint; from Rabun superior court—Judge J. B. Jones. November 10, 1919.

*R. C. Ramey, McMillan & Erwin,* for plaintiff.

*Thad. L. Bynum,* for defendant.