MANGET REALTY CO. *et al. v.* CAROLINA REALTY
CO., INC.

496

No. 7167.   NOVEMBER 16, 1929.   REHEARING DENIED DECEMBER 16, 1929.

498

502

*Watkins, Asbill & Watkins* and *Spence & Spence,* for plaintiffs.
*Alston, Alston, Foster & Moise,* for defendant.

HINES, J. (After stating the foregoing facts.)

The facts alleged by plaintiffs in their petition do not make a case of fraud on the part of the defendant in procuring from Manget the deed, which is absolute on its face, and under which the defendant claims title to the property involved. It is alleged that the defendant at the time of the procurement of said conveyance and the execution of said option contract, unknown to Manget, fraudulently intended to put the transaction in such legal form as to make it difficult for petitioners to prove the true nature of the transaction, to the end that the defendant might fraudulently claim the transaction to have been the absolute sale of this valuable property for a sum greatly less than its true value, when in fact it was well known to the officers of the defendant that the transaction was only a loan. It is further alleged that it has been a part of the

fraudulent purpose of the defendant to permit the good name and character of the hotel to decline, so that plaintiffs could not raise money on the security thereof and exercise their option. Plaintiffs further allege that they are without remedy at law to protect themselves against the fraudulent purposes of the defendant, and that it is dangerous to their rights to permit the defendant to continue in possession of this property and to continue to receive and administer the rents and income therefrom in the pursuit of its fraudulent purpose to take and keep the property of petitioners. In the second, amendment to their petition plaintiffs allege that "there was fraud in the procurement of the deed under which the defendant claims the property. The fraud consisted in pretending to have an absolute deed made by John A. Manget to Carolina Realty Company Inc., for the purpose of covering up the true purpose of the transaction between the parties, which was that the Carolina Realty Company Inc. was lending a sum of money to John A. Manget and receiving his equity in the Cecil Hotel as security, and the transaction was disguised as an absolute sale by the making of the deed and the taking of the option sale executed by the Carolina Realty Company Inc. to John A. Manget, as a part of the ruse to cover up the usury which was by said transaction being charged the said Manget for the use of the money then and there loaned, . . but John A. Manget at the time the papers were executed did not know of the fraudulent purpose of the defendant company." There are some other general allegations of fraud; but no specific facts are set up in the petition which sustain the allegation that the above deed from Manget to the defendant was procured by fraud. There is no suggestion that Manget did not have full opportunity to examine the documents, or that he did not know their contents, or that he did not understand that he was executing an absolute deed and taking the option to repurchase the property. There is no suggestion that the defendant or its officers made any false representations as to the nature of the contracts or of the instruments executed to carry the same into effect. It is well settled that a person executing an instrument is not defrauded because he failed to read or understand it. *Sloddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915) ; *Rounsaville* v. *Leonard,* 127 *Ga.* 735 (56 S. E. 1030). Even misrepresentations as to the legal effect of a contract, and the obligations thereby imposed, where there is no fiduciary relation be-

tween the parties, and the circumstances are not such as to give the plaintiff a legal right to rely without further question upon the statements of the defendant, will not support the charge that the instrument was obtained by fraud. *Harl* v. *Waldo,* 117 *Ga.* 590 (43 S. E. 998). So we are of the opinion that the general allegations that the deed from Manget to the defendant was obtained through fraud are not sufficient to withstand a general demurrer. *Hickman* v. *Cornwell,* 145 *Ga.* 368 (4) (89 S. E. 330). These general allegations do no bring the case within the purview of section 3258 of the Civil Code, if this section is not otherwise applicable.

■ The controlling question in this case is whether a deed absolute on its face, and accompanied with possession of the property, can be proved by parol evidence to be a part of a scheme by which the grantee therein was to receive usury from the grantor for the use of money loaned, and secured thereby, in the absence of fraud in the procurement of such instrument? The answer to this question depends upon the proper construction of section 3258 of the Civil Code, which declares that "A deed or bill of sale, absolute on its face, and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried." It will be noted that this section merely prohibits the use of parol evidence for the purpose of reducing a deed, absolute in form and accompanied by the possession of the property conveyed, to a mortgage only. In view of this fact should this section be construed to forbid the use of parol evidence to show that a deed absolute in form, and accompanied by possession of the property conveyed, was executed as a part of a scheme or device to cover usury, and to enable the grantee therein to collect usury from the grantor, when such deed in fact was made to secure a loan? In other words, was this section intended to prohibit the grantor in such deed from showing by parol that it was made and the possession of the property thereby conveyed delivered to the grantee as a device to conceal usury and to enable the grantee to receive the same for the use of money loaned to the grantor? This section was taken in part from the act of December 25, 1837. Cobb's Digest, 274. The preamble of this act declares that "it is now the practice in some of the circuits of this State to admit oral evidence to prove that deeds and bills of sales, absolute upon their face, were intended

as mortgages, or securities for the payment of money, or other thing, only, without any charge of fraud in obtaining them. And whereas such practice may lead to serious injuries to the rights of the good people of this State over their property, and may present strong inducements to the commission of frauds and perjuries;" and for remedy thereof it is provided in the act that "oral evidence shall not be received in any courts in this State, to show that a deed or bill of sale absolute upon its face, made after the passing of this act, was intended as a mortgage or security for the payment of money or any other thing, unless there is a charge of fraud in obtaining the same, in which case oral evidence, going to show the fraud only, may be received." When this act was codified the language, "and accompanied with possession of the property," was added to its terms. From the reading of the preamble and body of said act, and from the above section of the code, it is apparent that the purpose of this legislation was to inhibit the use of parol evidence to show that a deed or bill of sale, absolute in form, and accompanied with possession of the property, was a mortgage only. The scope of this legislation does not extend beyond that single purpose. Under this law it can not be shown that a deed or bill of sale, when accompanied with possession of the property conveyed, amounts only to a mortgage. The purpose was not to curtail the use of parol evidence to establish usury in a transaction, or to change the sweep of evidence in detecting and defeating usury, as could be done prior to the passage of the act of 1837. The use of parol evidence is prohibited in the single instance specified in the code section; and that is when it is introduced for the purpose of reducing an absolute deed to a mortgage only.

Is the principle embraced in section 3258 applicable to a case where there is an absolute deed accompanied with possession, and a writing which purports to give to the grantor in such deed an option to repurchase the land conveyed? At the time of the adoption of the act of 1837, and of the adoption of the first code of this State, which embraced in totidem verbis the principle as it now appears in section 3258 of the present code, it was legal for the owner of real estate to sell and convey it to another at an agreed price, and at the same time secure the right to repurchase it. *Spence* v. *Steadman,* 49 *Ga.* 133, *Monroe* v. *Foster,* 49 *Ga.* 514; *Felton* v. *Grier,* 109 *Ga.* 320 (35 S. E. 175); *Rogers* v. *Blouen-*

*stein,* 124 *Ga.* 501 (52 S. E. 617, 3 L. R. A. (N. S.) 213); Conway *v.* Alexander, 7 Cranch (U. S.), 218, 236 (3 L. ed. 321). Whether such a transaction was a sale with a right in the vendor to repurchase, or whether it was a ruse devised to evade the usury laws and to take security for the loan of money, was a question of fact for the jury. The whole transaction is to be looked into; and if, upon the whole, it appears that the loan and security for its payment were in truth the purpose and intent of the parties, it will be treated as such, notwithstanding very strong language may be used at the time to give it a different appearance. *Monroe* v. *Foster, Rogers* v. *Blouenstein,* supra; *Kelley* v. *Ramey,* 25 *Ga. App.* 28 (102 S. E. 455). A sale on agreement to repurchase is nearly allied to a mortgage. In cases of sales and agreements to repurchase, the papers are open to contradiction by parol. *Spence* v. *Steadman,* supra. "No conclusive test can be suggested to determine whether such transactions are mortgages or conditional sales, because the question arises under such varieties of circumstances that slight differences in these would make it inapplicable." 15 Am. & Eng. Enc. L. 780; *Felton* v. *Grier,* supra. When the question before a court of equity is whether a deed which purports upon its face to be an absolute deed is in reality a deed or a mortgage, extraneous evidence is admissible to show it is only a mortgage, although the papers executed by the parties show a conditional sale. In doubtful cases the court leans to the conclusion that the transaction is in reality a mortgage and not a sale. Russell *v.* Southard, 12 Howard (U. S.), 139 (13 L. ed. 927). So, prior to the adoption of the principle now embodied in section 3258, the question in all such cases finally turned upon the real intention of the parties, as shown upon the face of the writings, or as disclosed by extrinsic evidence. The inquiry in every case must be whether the contract in the specific case is a security for the repayment of money or a conditional sale. *Conway* v. *Alexander, Felton* v. *Grier,* supra. If the writings which were signed by both parties correctly set forth the agreement between them, then these writings evidence a sale and conveyance of the land, with an option to the vendor to repurchase it within a designated period. *Felton* v. *Grier,* supra.

"However, if a loan was in point of fact made, and these writings merely furnished the cloak for a usurious transaction, then the truth

may be shown by parol, and the writings canceled on payment of the debt with legal interest thereon." *Brown* v. *Bonds, 125 Ga.* 833, 838 (54 S. E. 933). If a transaction on its face is not usurious, but is claimed to be a device to cover up the charging of usury, the question of fact as well as one of law is involved. *Virginia-Carolina Chemical Co.* v. *Provident &c. Assurance Society, 126 Ga.* 50 (54 S. E. 929). "While a valid written contract can not be contradicted or varied by parol, it is competent by such evidence to show that the writing is but a mere cover for usury, penalty, or forfeiture." *Lytle* v. *Scottish &c. Co., 122 Ga.* 458 (6) (50 S. E. 402). "The ingenuity of man has not devised a contrivance by which usury can be legalized, if it appears that the purpose of the scheme was to exact a larger profit for the use of the money actually furnished than eight per cent. per annum. In determining whether the contract is usurious, the substance of the transaction will be critically inspected and analyzed; for the name by which the transaction is denominated is altogether immaterial if it appears that a loan of money was the foundation and basis of agreement which is under consideration." *Lumpkin* v. *Farmers State Bank, 161 Ga.* 801 (132 S. E. 221). Whether a given transaction is a sale of land with the right to repurchase, or a loan of money with the title to the land taken as security, depends, not upon the form of the words used in contracting, but upon the real intent and understanding of the parties. "No disguise of language can avail for covering up usury, or glossing over an usurious agreement." *Pope* v. *Marshall, 78 Ga.* 635 (4 S. E. 116). In the case last cited Chief Justice Bleckley said: "The theory that a contract will be usurious or not according to the kind of paper-bag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." It is insisted that these safeguards against the exaction of usury have been swept away by section 3258, where there is an absolute conveyance accompanied with possession of the land thereby conveyed, unless fraud in the procurement of the absolute deed is in issue. We do not think that this contention is well founded. We have undertaken to show that the principle of this section is applicable only in cases where there are absolute conveyances of land, with actual transfers of possession of the lands conveyed; and that this principle does not

apply to cases in which there are other writings in addition to absolute deeds, such as agreements to reconvey, which are susceptible of being·shown to be conditional sales or agreements to resell, as the facts may be found by a jury. So this court has held that the principle embodied in section 3258 is not applicable to a case in which it is sought to set up an implied trust. *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126).

But it is insisted that this court has held to the contrary in other cases. Certain language in *Spence* v. *Steadman,* supra, is relied upon to sustain this position. In that case it was said that "even the papers are open to contradiction by parol, though in this State if the possession has changed, a deed absolute on its face can not be shown to be a mortgage, unless, indeed, fraud in its procurement is the issue." The question whether an absolute conveyance accompanied with possession would preclude the grantor from showing that such deed was infected with usury was not for decision by the court, for the reason that the grantor in that case remained in possession of the property conveyed. At the date of the transaction involved the title to property made as a part of a usurious contract, or to evade the laws against usury, was void. Code of 1868, § 2025. It would hardly be contended that the vendor in the conveyance involved in that case would be barred from setting up the invalidity of the title, under the principle announced in section 3258 of the code, which principle was of force and in effect at the time of the conveyance involved in that case. In view of what we have just said, the intimation of the court in the case cited can not be held as a ruling adverse to what we now hold. In *Hall* v. *Waller,* 66 *Ga.* 483, usury was not involved, and there was no agreement by which the vendor could repurchase the property. In *Lowe* v. *Findley,* 141 *Ga.* 380 (81 S. E. 230), there was no written agreement which permitted the vendor to repurchase, and usury was not involved. In *Walker* v. *Lastinger,* 141 *Ga.* 435 (81 S. E. 203), the questions, whether an absolute conveyance was in fact made to secure the payment of money borrowed, and whether the conveyance was infected with usury and for this reason void, were involved. It appears from the decision in that case that both issues were submitted to the jury, which could not have been proper unless the plaintiff was entitled to set up the usury in the conveyance in spite of the fact that it was an absolute deed. In *Wilkes*

v. *Carter,* 149 *Ga.* 240 (99 S. E. 860), there was no writing granting to the vendor a right to repurchase the land conveyed, and usury was not involved. In *Berry* v. *Royal,* 152 *Ga.* 425 (110 S. E. 467), usury and the right to repurchase were not involved. In *Hand* v. *Matthews,* 153 *Ga.* 75 (111 S. E. 408), the vendor remained in possession, and the issue of usury was not involved. The same is true of *King* v. *Herrington,* 158 *Ga.* 148 (122 S. E. 879). In *Durden-Powers Co.* v. *O'Brien,* 165 *Ga.* 728 (142 S. E. 90), the issue of usury was not involved. So we are of the opinion that the plaintiffs were not precluded, under section 3258 of the code, by the absolute deed executed by Manget to the defendant and the contemporaneous surrender of the possession of the property, from showing that the transaction between Manget and the defendant was infected with usury, and that the written instrument, which on its face was one granting to Manget the right or option to repurchase the property, was made to secure an advance of money from the defendant to Manget. It follows that the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*

ATKINSON, J., concurs in the result.