SPENCE *et al. v.* ERWIN *et al.*

No. 14786. APRIL 5, 1944. REHEARING DENIED MAY 5, 1944.

639

*J. Frank Kemp, Clint W. Hager,* and *Augustine Sams,* for plaintiffs. *Madison Richardson, Sutherland, Tuttle & Brennan,* and *Frampton E. Ellis,* for defendants.

WYATT, Justice. The controlling question in this case is whether the transaction referred to in the foregoing statement was a sale of the stock by the plaintiffs to the defendants with an option to repurchase it from them within a given time for a specified sum of money, or a transaction in which the plaintiffs borrowed money from the defendants and pledged the stock as collateral security. We must look to the petition, as amended, for the answer to this question. "Whether a given transaction is a sale of land with right to repurchase, or a loan of money with the title to the land taken as security, depends, not upon the form of the words used in contracting, but upon the real intent and understanding of the parties. 'No disguise of language can avail for covering up usury, or glossing over an usurious agreement.'" *Manget Realty Co. v. Carolina Realty Co.,* 169 *Ga.* 495, 508 (150 S. E. 828), and cases

there cited. It follows that a petition alleging a written contract of sale with an option to repurchase between the plaintiffs and the defendants, but alleging further that the writing was simply a cloak to cover up a scheme to collect usurious interest, is not subject to dismissal on general demurrer. But a dismissal would result if, by other allegations construed most strongly against the petitioners, the petition disclosed that the transaction was not in fact a loan but a sale with an option to repurchase.

The petition as amended alleges unqualifiedly that the transaction was a loan of $8,000 to be repaid within twelve months with interest at 8 per cent. This allegation, however, must be considered along with the other allegations of the petition. The writing attached thereto as an exhibit shows a sale of the stock by the plaintiffs to the defendants for $8,000, with an option to repurchase the stock for $10,500 within six months, and for $12,000 if repurchased after six months and before twelve months. It is not alleged that this option was ever exercised, but it is averred that the writing was a cloak to cover up a usurious loan of $8,000, and asserted the right of petitioners to repay the loan with interest at 8 per cent. per annum and thereupon to have the stock delivered to them. The petitioners, in a letter addressed to the defendant Boylston, make use of the following language: "I had an arrangement with Thomas C. Erwin Jr., who advanced me $8,000 with which to handle the transaction, and at the time, I agreed with Mr. Erwin that I would pay a profit of $4,000 on the transaction. The transaction was in the form of an option and the date mentioned in the option expired, but subsequent thereto, it was agreed that the same would be renewed and continued." Again referring to the stock in question, the petitioners say, "The collateral [stock] which is mine subject to the payment of certain sums of money, to wit; a sum approximating $14,200." The plaintiffs allege at one place in the petition a tender of $14,604 to the defendants. All of these allegations are in direct conflict with the position that the transaction was a loan of $8,000 at 8 per cent. interest. These are averments by the plaintiffs, the meaning and import of which are to the effect that the writing was a sale of the stock with a right to repurchase, and not a loan. The allegations by which it is sought to show a loan instead of a sale are most indefinite. In fact, they are so indefinite as to make it impossible to ascertain the

nature and terms of the loan. In the original petition it is alleged that the loan was to be carried until the sale of the hotel, or until negotiations for such sale were terminated. By one of the amendments, without striking from the petition the allegation last referred to, it was alleged that the loan was to be repaid on or before June 9, 1942. "When a transaction apparently lawful in all respects is attacked as usurious, it is incumbent upon the person making such attack to affirmatively show that the same is thus tainted." *Wilkins* v. *Gibson,* 113 *Ga.* 31 (5) (38 S. E. 374). See also *Equitable Mortgage Co.* v. *Watson,* 116 *Ga.* 679 (43 S. E. 49) ; *Harvard* v. *Davis,* 145 *Ga.* 580 (4 *a*) (89 S. E. 740). "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867) ; *James* v. *Maddox,* 153 *Ga.* 208 (4) (111 S. E. 731) ; *Moore* v. *Moore,* 188 *Ga.* 303 (4 S. E. 2d, 18). Applying the above well-recognized rules of law to the allegations of the petition in this case, it clearly appears that the contract of sale with an option to repurchase was in fact what it purported to be. Construed most strongly against the plaintiffs, the petition does not show that the transaction was in fact a loan infected with usury and not a contract of sale; and therefore the petition fails to set out a cause of action. The lower court properly sustained the general demurrer and dismissed the action. 			*Judgment affirmed.* · *All the Justices concur.*