### 21106. ISAACSON v. HOUSE.

ARGUED JANUARY 10, 1961—DECIDED MARCH 9, 1961—
REHEARING DENIED MARCH 22, 1961.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Harold McKenzie, Jr.,* for plaintiff in error.

*Arnold & Harris, Nancy Pat Phillips, Robert B. Harris,* contra.

QUILLIAN, Justice. ■ The petition in the instant case is patterned after that of *Manget Realty Co. v. Carolina Realty Co.*, 169 Ga. 495 (150 S. E. 828), held by this court to sufficiently set forth a cause of action. The cases differ in no material particular. The cause is founded on the same principles pronounced in other cases. *Parsons v. Fox*, 179 Ga. 605 (176 S. E. 642); *Rogers v. Blouenstein*, 124 Ga. 501 (52 S. E. 617, 3 L. R. A. (NS) 213); *Pope v. Marshall*, 78 Ga. 635 (4 S. E. 116); *Simpson v. Charters*, 185 Ga. 592 (196 S. E. 31).

In order to avoid a deed absolute on its face by showing it to be a mere defeasible conveyance made for the purpose of securing a usurious loan, the petition must set forth the following elements: (1) that the deed was actually made to secure a loan; (2) that the loan was made upon condition that the plaintiff agree to pay an unlawful rate of interest on the money borrowed; (3) that the plaintiff has offered to do justice by tendering such amounts as he admits to be due on the loan, or that such tender is for some valid reason excused; (4) the facts concerning each element of the cause must be pleaded with

such particularity as is necessary to a clear understanding of the case.

Here the petition with all necessary particularity alleged that the deed secured a loan, and showed the transaction to be a loan as defined by this court. "A loan may be defined as the delivery by one party to, and the receipt by another party of, a sum of money upon an agreement, express or implied, to repay the sum with or without interest." *Parsons v. Fox,* 179 Ga. 605, 607, supra. The Court of Appeals adhered to this rule of law in *McLendon v. Johnson,* 71 Ga. App. 424 (31 S. E. 2d 89).

The petition described explicitly, definitely, and in minute detail, the scheme under which usury was exacted on the loan secured by the deed; so that, according to *First Federal Savings &c. Assn. v. Norwood Realty Co.,* 212 Ga. 524 (3) (93 S. E. 2d 763), the usury was not only shown to have been charged, but the facts were set out regarding the matter with the *precision* required in a plea of usury, because they furnish data by which the amount of unlawful interest charged can be readily calculated and ascertained.

Regarding the question of whether the plaintiff has done equity by paying such amount to the defendant as was due on his loan, the exact factual situation pleaded here appears in *Manget Realty Co. v. Carolina Realty Co.,* 169 Ga. 495, supra, only the parties and the amounts involved in each case being different. As in the *Manget* case, this petition alleges that the defendant was placed in possession of the property described in the deed with the responsibility of collecting the rents from the property and disbursing them to satisfy certain charges that would accrue against the property.

Similarly to that in the *Manget* case, this petition alleges that the plaintiff could not pay the amount due because he did not know and could not be expected to know that approximate amount due on the day he first offered to pay the loan in full. The defendant having kept the records, he knew what amount was due and whether it was more or less than the original amount of the loan ($12,000); but the defendant refused to divulge the information to the plaintiff and thus prevented a tender of the amount due. Secondly, the defendant absolutely

refused to accept payment of the loan, but informed the plaintiff that he would not take the money to satisfy the loan. Consequently, the plaintiff contends that, under a familiar rule of law, he was excused from making the tender. The rule was clearly stated by this court in *Fitzgerald v. Vaughn,* 189 Ga. 707, 710 (7 S. E. 2d 78): "It is of course a familiar rule that in those cases in which it is necessary to allege a tender as a prerequisite to the maintenance of a suit the tender will be excused where the other party has made declarations equivalent to a refusal to accept a tender if made, or has placed it beyond his power to comply with his part of the contract." Similar is the holding of *Verner v. McLarty,* 213 Ga. 472, 478 (99 S. E. 2d 890): "Under the rule that equity will not require a useless formality, a tender is unnecessary when the person to whom the tender would be made states that it will be refused if made." This rule finds supporting authority in many opinions by this court.

The defendant stoutly contends that the transaction, even if it were a loan, was not usurious for the reason that the amount actually advanced to the plaintiff was not $12,000, but was $13,200, and that the allegations of the petition, when analyzed, show that the annual income from the property involved in the transaction, which was alleged to be in the defendant's possession, was less than the aggregate amounts necessary to preserve the property and pay the annual charges against it, including the first mortgage held by Realty Operations, Inc.

The defendant in his brief shows the calculation by which he arrived at this conclusion that the amount loaned was $13,200 instead of $12,000. The calculation includes as an amount furnished to the plaintiff by the defendant, in addition to the $12,000, an amount representing the monthly payments that the plaintiff owed on the first mortgage to Realty Operations, Inc., on January 23, 1959, the date on which the defendant made the loan to the plaintiff. This item was alleged to have been one of those paid by the defendant out of the $12,000 loaned to the plaintiff. The particular item did not, according to the petition, represent money that was actually advanced to the plaintiff in cash, but it was a part of the $12,000 that was to be paid by the defendant to Realty Operations, Inc., for the

plaintiff's benefit. This fact clearly and distinctly appears from the petition, and it is obvious that the defendant's contention that the petition shows it to have been an amount furnished the plaintiff in addition to the $12,000 loan is erroneous. Thus the petition does not disclose that the defendant advanced or loaned the plaintiff more than the $12,000 as therein explicitly alleged.

It is suggested that the petition was not consistent, and was vague and contradictory. The case of *Spence v. Erwin*, 197 Ga. 635 (30 S. E. 2d 50, 154 A. L. R. 1057), is cited as support for the position. There is a broad and marked difference in the two pleadings. The *Erwin* case alleged that the contract which purported to convey certain stock to the payee was in fact intended to secure a debt, but facts were set forth there from which it could be fairly inferred that the contract was intended as an absolute conveyance. The petition alleged that the loan referred to was usurious and also set out that the interest charged was only eight percent per annum. These contradictions resulted in the petition's failing to affirmatively show facts upon which the plaintiff could be granted the relief prayed.

In the instant case, every allegation is direct and clear, perfectly consistent with every other allegation. Indeed the petition in the instant case is structurally as near perfect as should be desired or required. Whatever may be the truth of the case, it was well plead.

In reference to the second ground of the general demurrer and the insistence that there was pending an action between the parties, in which all of the issues of this action could be determined, the defendant states in his brief: "The reference in the general demurrer to an in rem condemnation proceeding was not insisted upon before the trial court and is not now urged in this appeal." A matter upon which the trial court did not rule is not for review by this court (*Williams v. State*, 206 Ga. 107, 55 S. E. 2d 589); and a ground which is abandoned will not be considered. *Moore v. Thornton*, 180 Ga. 533 (179 S. E. 720).

*Judgment affirmed. All the Justices concur.*