## 62328. THOMPSON v. HURT.

DEEN, Presiding Judge.

Defendant Hurt and others whose interest was later assigned to Hurt purchased a Jekyll Island motel from plaintiff Thompson subject to a first bank loan. A warranty deed to the Glynn County property from Thompson to Hurt et al., a promissory note for $40,000 mentioning "a security deed of even date herewith conveying title to real property located in Glynn County, Georgia and/or Cobb County and/or other comparable collateral," and a security deed to the purchased Jekyll Island motel signed by Hurt, are all dated September 7, 1973, although the loan deed was not filed for record until November 30, 1973. The note called for nine percent interest and was due twelve months from date. A renewal note was executed on September 7, 1974, on the same terms which additionally recited that *collateral* refers to the Jekyll Estates Motel property, giving the legal description and deed book reference to the 1973 security deed above referred to.

The 1974 note was not paid when due. Plaintiff brought an action thereon. The defendant urged as a defense that he signed no deed to secure debt on September 7, 1973; he admits that he signed the loan deed but contended it was backdated and that the note was therefore usurious and unenforceable and the complaint should be dismissed.

Plaintiff moved for summary judgment. A hearing on this motion was held by the trial judge September 23, 1980, at the close of which he allowed 10 days to the defendant and 20 days to the plaintiff to file supplemental briefs if they desired. Hurt filed; Thompson did

not. Nothing further happened until defendant's counsel the following December wrote a proposed judgment in defendant's favor which he submitted to the trial judge with copy to the plaintiff. Plaintiff then immediately submitted a brief along with two affidavits styled "Supplemental Affidavit in Support of Motion for Summary Judgment" which deposed that the 1973 note and the deed to secure debt were executed simultaneously as their dates indicated.

The trial judge subsequently entered summary judgment in favor of the *defendant* (who had filed no motion for summary judgment) holding the 1974 note sued on to be usurious and stating that the decision was based on matters filed in a companion case argued on motion to consolidate, on "admissions of counsel at the hearing of September 23, 1980, in connection with these two cases" and other matters on file. Plaintiff appeals.

1. In 1973 and 1974 under Code § 57-101 the maximum legal rate of interest which might be agreed on in an unsecured promissory note was eight percent, whereas, under Code § 57-101.1, nine percent could be charged in transactions where the security given included real estate. To establish usury on summary judgment the defendant necessarily had the burden of proving by uncontradicted evidence that the note was in fact unsecured when executed and that a security deed was in fact made and backdated as a ruse to allow the higher rate of interest. Whether circumstances amount to a ruse to avoid usury laws is almost always left for jury determination. *Kelley v. Ramey,* 25 Ga. App. 28 (3) (102 SE 455) (1920); *Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801 (132 SE 221) (1925). The documents themselves — two promissory notes, a warranty deed and a deed to secure debt — indicate on their face that the 1973 promissory note was secured by real estate and that the 1974 promissory note was a renewal of the 1973 note and was secured by the same real estate. It accordingly remains a jury question whether there was at the time of executing the promissory note an intention on the part of the parties to the agreement to put up real estate as collateral security.

2. In any event the defendant was in error in his original answer to the complaint in asserting that the charging of a usurious rate of interest would result in "an absolute and complete forfeiture at law of both principal and interest." Only the interest would be forfeited. Code § 57-112. The court was equally in error, having found the rate of interest to be usurious, to dismiss the plaintiff's complaint based on the promissory note.

3. As to an award of interest alone without regard to the principal, it is contended by the defendant that Georgia has adopted the rule that in a proper case the trial court may grant summary judgment to a party who has not moved for this relief, citing *Massey v.*

*Consolidated Equities Corp.,* 120 Ga. App. 165 (169 SE2d 672) (1969). In that case there was a claim by the plaintiff movant and a counterclaim by the defendant who made no motion for summary judgment; the trial court granted the prayers of both parties and this court affirmed, pointing out that under substantially identical procedural rules the federal courts had done the same. However, there is a wide difference of opinion in both the federal cases and the decisions of other states where the question has arisen. See *Court's power, on motion for summary judgment, to enter judgment against movant,* Anno. 48 ALR2d 1188 et seq. It would appear that where on the hearing of the movant's summary judgment motion, there is in fact no contradiction in the evidence and all that advanced by the parties demands a decision in favor of one of them, the fact that such litigant is a non-moving party should not render the court's judgment reversible. A case in point is *Cruce v. Randall,* 152 Ga. App. 183 (262 SE2d 488) (1979), wherein it was held, "it would have served no practical purpose to have done so under the circumstances" in pointing out that technically the judge should have awaited the filing of a motion for summary judgment before granting one. Such a situation does not obtain, however, where the movant prepares for and attends a hearing unprepared for a motion for summary judgment at or after the time of hearing in favor of his opponent. When such motion is made, the resisting party is entitled under Code § 81A-156 (c) to have notice at least 30 days before the time fixed for the hearing, and he has the right to serve opposing affidavits up to the date of hearing. Neither of these procedural safeguards was allowed the plaintiff in this case. The mere fact that in the defendant's *post-hearing* brief he stated that he was entitled to a summary judgment, did not, when he failed to make the motion, put the plaintiff on notice that he was called upon to defend against it before it was made. When in fact the plaintiff discovered about the first of December that opposing counsel and the court had such a procedure in mind he did in fact submit two affidavits directly contradicting the defendant's claim that the security deed had been backdated. It is true that the plaintiff had been given ten days after the defendant's post-hearing brief was filed to reply to it, but nothing in that permission deprived him of his right to file affidavits up to the day of a decision to grant a summary judgment to a defendant who had never asked for one. The affidavits, once filed, were necessary to the trial court's consideration of whether the record before him revealed that a judgment in favor of the defendant was demanded. Clearly it was not since every substantial issue in the usury defense had been controverted. The amendment to the order reciting that a consideration of the December 8 affidavits would not change the result reached was also

error. Accordingly, the grant of summary judgment to the defendant was error.

4. In the view we take of the case, it is unnecessary to decide the effect of language in the trial court's order basing his decision in part on unspecified statements made by counsel during the hearing on plaintiff's motion for summary judgment. Since the plaintiff was unaware during this time of any possibility that summary judgment was being considered in favor of the party opposing his motion, and since the decision to that effect is reversed in part because of such lack of notice, the question of the effect of the oral statements of counsel, of whose content we remain ignorant, is not before us.

The trial court did not err in denying the plaintiff's motion for summary judgment, but erred in granting summary judgment in favor of the defendant and in dismissing the complaint.

*Judgment affirmed in part and reversed in part. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 22, 1981.

*William R. Waldrop,* for appellant.
*James L. Paul,* for appellee.