68946. TERRY BRANTLEY GREENBRIAR RENTAL & SALES, INC. et al. v. DAVIS.
(321 SE2d 829)

BANKE, Presiding Judge.

The plaintiff sued Terry Brantley Greenbriar Rental and Sales, Inc., and its president, Terry Brantley, to recover damages for fraud and deceit and was awarded a jury verdict for actual and punitive damages and attorney fees. The defendants contend on appeal that the evidence was insufficient to prove either the elements of fraud or the existence of any actual damages.

The plaintiff asserted at trial that although she negotiated for the purchase of an automobile from the defendants, they instead obtained her signature on a rental agreement.

The contract in question is two pages in length. The words, "RENTAL AGREEMENT" appear at the top of page 1, and a number of provisions are contained on that page which are plainly inconsistent with ownership of the vehicle. At the top of page 2, appear the words "STANDARD RENTAL AGREEMENT," and it is clearly indicated on this page that the plaintiff was to pay $219 for four weeks' use of the vehicle, plus 24 cents a mile. Immediately above her signature, it is specified that the vehicle will be returned four weeks subsequent to taking possession. The signature line is also immediately preceded by the warnings "READ BEFORE YOU SIGN" and "DO NOT SIGN IF YOU DO NOT UNDERSTAND" printed in large type. In between these warnings, there appears a provision for termination of the agreement upon payment of the time and mileage

charges, as well as a provision regarding the possibility of a future agreement for the sale of the vehicle.

The plaintiff acknowledged in her testimony that she was not prevented from reading the contract prior to signing it. The only evidence to support her fraud claim is her testimony that she thought she was buying the car and that her discussions with defendant Brantley concerned the purchase rather than the rental of the car. She also testified that Mr. Brantley provided her with an envelope on which were printed the words "Car Owner's Companion" and into which he placed the rental agreement after she signed it. *Held*:

" 'It is well settled that fraud cannot form the basis of an action or a defense thereto, in the absence of any trust or confidential relationship, if it appears that the person relying on the fraud as a basis for the action or in defense thereto had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence.' [Cit.]" *McClelland v. Westview Cemetery*, 148 Ga. App. 447, 451 (251 SE2d 351) (1978). "[A] person executing an instrument is not defrauded because he failed to read or understand it. [Cits.] Even misrepresentations as to the legal effect of a contract, and the obligations thereby imposed, where there is no fiduciary relation between the parties, and the circumstances are not such as to give the plaintiff a legal right to rely without question upon the statements of the defendant, will not support the charge that the instrument was obtained by fraud." *Manget Realty Co. v. Carolina Realty Co.*, 169 Ga. 495 (1) (150 SE 828) (1929). "A party to a contract who can read must read or show a legal excuse for not doing so; and, ordinarily, if fraud is the excuse, it must be such fraud as to prevent the party from reading." *Curtis v. First Nat. Bank of Commerce*, 158 Ga. App. 379 (1) (280 SE2d 404) (1981). The plaintiff testified that she is a high school graduate with some advanced schooling, and there was no evidence which established a legal excuse for her failure to read the contract prior to signing it. The jury's verdict was accordingly not authorized by the evidence, and the judgment of the trial court must be reversed. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Carley and Pope, JJ., concur. Benham, J., disqualified.*

DECIDED SEPTEMBER 13, 1984.

*Tony L. Axam, Robert Altman*, for appellants.
*Irwin M. Levine*, for appellee.