Sonja **BIGGS,** Linda Braunstein, Peter De Respiris, Gaston Inman, Louis Jackson, Grace Nugent, Constance Scandola, and Janet Triant, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

Richard E. **LYNG,** Secretary of the United States Department of Agriculture, and Joseph A. D'Elia, Commissioner of the Nassau County Department of Social Services, Defendants-Appellants,

Cesar Perales, Commissioner of the New York State Department of Social Services, Defendant.

Nos. 970, 971, Dockets 86–6267, 86–6281.

United States Court of Appeals, Second Circuit.

Argued March 20, 1987.

Decided June 30, 1987.

John F. Castellano, Bay Shore, N.Y. (Leonard S. Clark, Nassau Suffolk Law Services Committee, Inc., Bay Shore, N.Y., of counsel), for plaintiffs-appellees.

Robert K. Rasmussen, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., (Richard K. Willard, Asst. Atty. Gen.,

Andrew J. Maloney, U.S. Atty., John F. Cordes, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., James Michael Kelly, Associate Gen. Counsel, Roger Weiner, Atty., Dept. of Agriculture, Washington, D.C., of counsel), for defendant-appellant, Richard E. Lyng, Secretary of the U.S. Dept. of Agriculture.

Joshua A. Elkin, Deputy Co. Atty., County of Nassau, (Edward T. O'Brien, Co. Atty. of Nassau County, Mineola, N.Y., of counsel), for defendant-appellant, Joseph A. D'Elia, Commissioner of the Nassau County Department of Social Services.[1]

Before NEWMAN, KEARSE and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

The Secretary of Agriculture ("Secretary") appeals from a summary judgment of the United States District Court for the Eastern District of New York (Wexler, J.) overturning the Secretary of Agriculture's classification of certain state relief benefits as "income" rather than "loans" under the Food Stamp Act, 7 U.S.C.A. §§ 2011–2029 (West 1973 & Supp.1987), and ordering retroactive food stamp benefits to be paid to the members of the plaintiff class.

We reverse.

## BACKGROUND

This case concerns the Secretary's definition of a "loan" under 7 U.S.C.A. § 2014(d) (West Supp.1987), which provides in pertinent part that: "Household income for purposes of the food stamp program shall include all income from whatever source excluding only ... (4) all loans other than educational loans on which repayment is deferred." The relevant regulation, 7 C.F.R. § 273.9(b) and (c)(4) (1987), reinforces the statutory framework:

(b) *Definition of income.* Household income shall mean all income from whatever source excluding only items specified in paragraph (c) of this section.

. . . . .

---

1. Although this party filed a notice of appeal and appellant's brief, counsel "withdrew" that appeal at oral argument and did not participate therein.

(c) *Income exclusions.* Only the following items shall be excluded from household income and no other income shall be excluded:

. . . . .

(4) All loans, including loans from private individuals as well as commercial institutions, other than educational loans on which repayment is deferred.

*Id.*

Whether or not a particular benefit is designated as income has an ultimate bearing on how many food stamps a family can receive. The Secretary has interpreted the loan exception as *not* covering a certain class of interim benefits under New York's Home Relief Program ("HRP")—benefits that are paid to persons awaiting an eligibility determination under the federal Supplemental Security Income ("SSI") program.

The SSI program provides monetary relief to those who meet its eligibility requirements. 42 U.S.C.A. §§ 1381–1383c (West 1983 & Supp.1987). If an SSI applicant is approved, he receives, through the Department of Health & Human Services ("HHS"), monthly benefits starting on the date of approval, and a lump-sum payment retroactive to the date of application. Food Stamp regulations treat monthly SSI benefits as income, 7 C.F.R. § 273.9(b)(2)(i) (1987), but exclude the lump-sum retroactive benefits from the definition of income. *See* 7 C.F.R. § 273.9(c)(8) (1987).

The HRP is administered by the New York State Department of Social Services ("SDSS"). HRP participants cannot simultaneously be recipients of SSI benefits, and HRP participants who appear to qualify for SSI benefits must apply therefor. The HRP pays monthly benefits while participants have their applications on file for SSI benefits. The HRP benefits terminate once an SSI application is approved. These HRP benefits paid between filing and approval of the SSI application are called "interim assistance" benefits. *See* N.Y. Soc.Serv.Law § 158(a) (McKinney 1983). The HRP requires recipients to sign a "Repayment of Interim Assistance Authorization," which provides that if the recipient receives SSI benefits, HHS is to forward the recipient's SSI retroactive lump-sum payment to the SDSS so that SDSS can recover the amount of benefits it has paid the applicant during the interim period. The balance is then forwarded to the recipient. If the SSI application is denied, the recipient continues to receive HRP payments, and is under no obligation to repay the "interim assistance" HRP payments so long as he exhausts his administrative appellate remedies with respect to the SSI application.

Under the Secretary's interpretation of the relevant statutes and regulations, "interim assistance" HRP payments constitute income, not loans, and are included in the household's income in the month they are received.

Plaintiffs-appellees, SSI recipients who received HRP "interim assistance" funds and food stamps during the pendency of their SSI applications, brought this class action challenging the Secretary's classification of HRP's "interim assistance" benefits as "income" rather than "loan[s]" under the Food Stamp Act and implementing regulations. They also argued that the Secretary's action violated their rights to equal protection of the laws under the fifth and fourteenth amendments to the United States Constitution.

In *Biggs v. Block*, 629 F.Supp. 1574 (E.D. N.Y.1986), the district court dismissed appellees' claims for declaratory and injunctive relief due to lack of standing, but rejected SDSS's contention that the suit against it was barred by the Eleventh Amendment. In its decision on the merits, *Biggs v. Lyng*, 644 F.Supp. 998 (E.D.N.Y. 1986), the district court, having in the interim certified a statewide class of aggrieved plaintiffs, *see* 644 F.Supp. at 999, held that the HRP benefits were properly definable as "loans" and not "income" under the Act and regulations, granted summary judgment to plaintiffs affording corresponding retroactive relief, and denied defendants' cross-motions for summary judgment. The rationale of the decision was that HRP benefits were properly defined as "income" upon their initial receipt, but should have been reclassified as an excludable "loan"

upon receipt of a retroactive SSI payment, with a consequent retroactive adjustment of food stamp benefits.

## DISCUSSION

The standards for reviewing an agency's interpretation of a statute it administers were enunciated by the United States Supreme Court in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984):

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

467 U.S. at 842–43, 104 S.Ct. at 2781 (footnotes omitted).

In a footnote, the Court went on to note that:

> The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding.

*Id.* at 843 n. 11, 104 S.Ct. at 2782 n. 11. *See also Railway Labor Executives' Ass'n v. United States,* 791 F.2d 994, 1002 (2d Cir.1986).

The instant case involves the Secretary's construction of a statute, and the principles of *Chevron* control. Since nothing in the Act or its legislative history speaks explicitly to the specific question whether the type of benefit involved in this case is or not a "loan" within the meaning of the act, *see* H.R.Rep. No. 95–464, 95th Cong., 1st Sess. 26, 35–37 (1977), *reprinted in* 1977 U.S. Code Cong. & Admin.News 1704, 1978, 2003, 2012–14,[2] inquiry must be made as to the reasonableness of the Secretary's interpretation.

Black's Law Dictionary defines "lend," "loan" and "contingent debt" in the following manner:

> **Lend.** To give or put out for hire or compensation. To part with a thing of value to another for a time fixed or indefinite, yet to have some time in ending, to be used or enjoyed by that other; the thing itself or the equivalent of it to be given back at the time fixed, or when lawfully asked for, with or without compensation for the use as may be agreed upon. Term "lend" when used in a will means to "give" or "devise." To provide money to another for a period of time, usually with interest charge to be incurred by borrower.

> .    .    .    .    .

> **Loan.** A lending. Delivery by one party to and receipt by another party of sum of money upon agreement, express or implied, to repay it with or without interest. *Isaacson v. House,* 216 Ga. 698, 119 S.E.2d 113, 116 (1961). Anything furnished for temporary use to a person at his request, on condition that it shall be returned, or its equivalent in kind, with or without compensation for its use. *Liberty Nat. Bank & Trust Co. v. Travelers Indem. Co.,* 58 Misc.2d 443, 295 N.Y.S.2d 983, 986 (1986).

> Bailment without reward, consisting of the delivery of an article by the owner to another person, to be used by the latter gratuitously, and returned either *in spe-*

---

**2.** The closest legislative history, however, favors the Secretary's position. H.R.Rep. No. 788, 96th Cong., 2d Sess. 121, *reprinted in* 980 U.S.Code Cong. & Admin.News 843, 954, states that "[u]nder this system, assistance payments from ... state or local benefit programs are con- sidered to be fully includible income unless the law providing for the payments contains language that 'specifically excludes' those payments from consideration as income for the purpose of determining eligibility for the food stamp program."

*cie* or in kind. A borrowing of money or other personal property by a person who promises to return it.

"Loan" includes: (1) the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor; (2) the creation of debt by a credit to an account with the lender upon which the debtor is entitled to draw immediately; (3) the creation of debt pursuant to a lender credit card or similar arrangement; and (4) the forbearance of debt arising from a loan. Uniform Consumer Credit Code, § 3–106.

．　．　．　．　．

**Contingent debt.** One which is not presently fixed, but may become so in the future with the occurrence of some uncertain event. A debt in bankruptcy which may be proved and allowed and which arises out of contract. It does not encompass a tort claim on which no action or suit has been brought prior to adjudication. *Resolute Ins. Co. v. Underwood,* La.App., 230 So.2d 433, 435 (1969). Term may refer to debt incurred by state to which state pledges its credit and guarantees payment if revenues from funded project prove inadequate. *Rochlin v. State,* 112 Ariz. 171, 540 P.2d 643 [1975]. See also **Contingent claim; Contingent liability.**

*Black's Law Dictionary,* 811, 844, 290 (rev. 5th ed. 1979).

*Webster's Third New International Dictionary* (1986) defines "lend" and "loan" as follows:

> **lend** ... **1 a:** to give into another's keeping for temporary use on condition that the borrower return the same or its equivalent ... **b:** to let out (money) for temporary use on condition that it be repaid with interest at an agreed time ...

> **loan** ... **1 a:** money let at interest ... **b:** something lent for the borrower's temporary use on condition that it or its equivalent be returned ... **2 a:** the grant of a temporary use made by a lender ...

*Id.* at 1293, 1326.

The Secretary has consistently maintained that the HRP "interim assistance" benefits are not loans because "repayment", in the form of the lump-sum retroactive payment from HHS to SDSS, is contingent upon the HRP recipient's acceptance into the SSI Program. Thus, at the time the HRP recipient receives his "interim assistance" benefits, there is no absolute or unconditional agreement to repay the funds. The above definitions tend to reinforce the Secretary's position, since they assume a definite obligation to repay and, in the case of *Black's,* make a distinction between loans and contingent debts.

The Secretary also relied on a number of cases which hold that in order for a transaction to be a loan, the putative obligor must have made an unconditional or absolute obligation to repay. *United Virginia Factors Corp. v. Aetna Casualty & Surety Co.,* 624 F.2d 814, 816 (4th Cir.1980); *Northern Mining Corp. v. Trunz,* 124 F.2d 14, 16–17 (9th Cir.1941), *cert. denied,* 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1740 (1942); *In re Grand Union Co.,* 219 F. 353, 356 (2d Cir.1914), *appeal dismissed per stipulation,* 238 U.S. 647, 35 S.Ct. 938, 59 L.Ed. 1504 (1915). The district court acknowledged this line of authority, but cited a competing line of cases to the effect that "contingency of the obligation of repayment does not necessarily take a transaction outside the scope of that which most properly should be categorized a loan," and further opined that "[t]his Court tends toward the view that where all other indicia point to a finding that a given agreement falls into the category of transactions generally perceived to be loans, a certain indefiniteness as to the necessity of repayment need not necessarily alter such a denomination." 644 F.Supp. at 1008.

The question under *Chevron,* however, is not whether there are plausible alternative views, but rather whether the Secretary's views are reasonable:

> "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz,* 415 U.S. 199, 231, 94 S.Ct. 1055,

1072, 39 L.Ed.2d 270 (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. Sometimes the legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

*Chevron,* 467 U.S. at 843–44, 104 S.Ct. at 2782 (footnotes omitted). The existence of precedential authority supporting the Secretary's view would seem to indicate that such a view is reasonable.

The Secretary's interpretation also finds support in the practicalities of the situation. The monthly HRP payments are in the nature of a substitute for SSI payments pending the qualification of the applicant for SSI payments, which are concededly considered "income" for purposes of the Food Stamp Act. The applicant is not personally liable for repayment of HRP, and there will never be any repayment unless the applicant qualifies for SSI. We see no injustice in treating the HRP payments as income throughout, rather than requiring a retroactive reclassification in the event that they are ultimately reimbursed to the State of New York.

In light of the foregoing, and keeping in mind that the test is not how a court would define "loan" in the first instance but whether the Secretary's definition was reasonable, we hold that the Secretary's decision to define HRP "interim assistance" benefits as income rather than as a loan is a proper exercise of his delegated regulatory authority.[3]

Nor do we see any equal protection problems with the Secretary's action, despite appellees' contention that it lacks a rational basis. *See United States Railroad Retire-*

*ment Board v. Fritz,* 449 U.S. 166, 175–76, 101 S.Ct. 453, 459–60, 66 L.Ed.2d 368 (1980); *Dandridge v. Williams,* 397 U.S. 471, 485–87, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970). The same factors supporting the reasonableness of the Secretary's definition establish that it has a rational basis.

## CONCLUSION

The judgment of the district court is reversed and the case is remanded for entry of judgment for defendants.

---

**3.** We express no opinion on the merits of the Secretary's argument to the lower court that HRP "interim assistance" benefits are advances

under the Food Stamp Act. *See* 7 C.F.R. § 273.10(c)(2) (1987).